**FILED**

JUN 21 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORIA.

Keith R Bridgewater,          CIVIL CASE#2:11-cv-01216 CMK
            (PLAINTIFF)

VS                            MOTION TO COMPELL DEFENDANTS
Debra Sweeny,                 TO RESPOND FULLY IN AN
            (DEFENDANT)       "COOPERATIVE MANNER" TO PLAINTIFF
------------------------      DISCOVERY REQUEST FOR TRAIL.


Plaintiff a State prisoner,proceeding Pro-Per,brought a Civil
Rights Complaint pursuant to 42 U.S.C §1983.An answer to plaintiff
complaint has been filed and,plaintiff was granted leave to begain
discoveries pursuant to Federal Rules of Civil Procedure(Fed R Civ
P)Rule 16(b)

   Plaintiff submitted his 1st set of Discoveries request on Janu-
ary 22nd 2012(SEE ATTACHED MARKED AS EXHIBIT"A").And defendants
were required to provide an response within (45)Days thereafter.

   Defendant failed to meet that dead-line requirement and plaintiff
addressed such with the intention to resolve this dispute with the
defendant within a letter of "GOOD-FAITH",prior to any motion file
with the courts(SEE ATTACHED MARKED AS EXHIBIT "B").

   On March 26th 2012 plaintiff filed a motion to compell said
defendant to respond(SEE ATTACHED MARKED AS EXHIBIT "C").The fol-
lowing day defendant made the arguement,that plaintiff discoveries
,which were filed failed to enclose defendants Attorney Name on
the out-side of the envelope and thus "NEVER RECEIVED"(SEE ATTACH-
ED MARKED AS EXHIBIT"D").

   In another effort to show cooperation and resolve,this dispute
without involvement of the courts,plaintiff filed a Motion to
Withdraw his previously filed motion to compell(SEE ATTACHED MARKED
AS EXHIBIT"E") Based on both parties stipulation to particular
terms to have  defendant respond to plaintiff's 1st Set of Discov-
iers.

(1)

on or before April 30th 2012.IN addittion plaintiff would be entitled to further discoveries and/or able to file a motion to compell if responses,were deemed to be Inadequate,Vague or Incomplete in nature (SEE ATTACHED MARKED AS EXHIBIT "F").

ON April 30th 2012,Defendant in fact responded in an Inadequate,Vague and Incomplete Fashsion and Blantantly refused to ("PROVIDE [ANY]PRODUCTION OF DOCUMENTS THAT WERE REQUESTED").as was indicated/sought within plaintiff 1st set of discoveries, (EXHIBIT "A") Plaintiff was/is completely Dissatisfied in the Uncooperative manner inwhich defendants responded to the discovery process(SEE ATTACHED EXHIBIT MARKED AS  "G").

Plaintiff once again sought to obtain discoveries by submission of an 2nd Set of discovery filed with the defendant on  or about The 31st of May 2012 (SEE ATTACHED MARKED AS EXHIBIT "H") afterwhich plaintiff once again attempted to resolve this dispute by submitting a letter in "GOOD-FAITH" on the defendant expressing said dissatification and the hope of resolution (SEE ATTACHED MARKED AS EXHIBIT "I")

Plaintiff's second set of discoveries are meant to "CLARIFY in clear and Concise manner",Plaintiff's request/Questions without being Inadequate,Vague or compound in nature with such questions,this will allow a Reasonable Calculation process,leading to discovery of Admissible Evidence (FEd R Civ P)Rule 26.

PLaintiff base the instant motion to compell on the following;

#1 Defendant has intentionally & Blantantly responded to discoveries in a specific manner that "IS-NOT" cooperative in nature and under (Fed R Civ P)Rule 37 (3) Inadequate,Vague or Incomplete responses are deemed to be "UNANSWERED"

#2 Defendant has taken the posistion,that she cannot Honestly or fully answer plaintiffs clear and concise questions posed within plaintiffs (INTERROGATORIES NUMBERED(1,2,3,4,5,6,7,10,13,14,15 and 16) Because their too Vague,Ambigious and/or Compounded in nature,Plaintiff object completely(SEE QUESTIONS POSED WITHIN EXHIBIT "A")

#3 Defendnat once again has "HINDERED/STAGNATED",the Discovery process of respondeing within an meaningful manner as to not get the courts involed to resolve disputes (Fed Rule Civ P) Rule 16(c).Defendant has taken the posistion that plaintiffs (REQUEST FOR ADMISSIONS NUMBERED 1,2,3,4,5,6,7,11,12,13 and 14)

were to Vague,Ambigious and Compound in nature
Plaintiff Objects completely (SEE REQUEST POSED
WITHIN EXHIBIT "A")

#4 Defendant OUT-RIGHT refused to produce (ANY OF
PLAINTIFFS REQUST FOR PRODUCTION OF DOCUMENTS
NUMBERED (1,2,3,4,5 and 6)by claiming redundantly
that such request "THREATENS THE SAFTEY OF THE
INSTITUTION OF THE CDC&R".Their is no proven set
of facts that plaintiff's request pose such threats
(SEE REQUEST POSED WITHIN EXHIBIT"A").
For example requesting a copy of defendants Time
Card has no attached security concerns,it provides
nothing more then the defendant's Name,Place of
Employement,I.D # and Hours worked for the duration
of a Day,Week or Month.Plaintiff's Constitutional
Right were violated by defendant after plaintiff filed
a prison greivence addressing ABRUSE OF OVERTIME
BEING WORKED BY THE DEFENDANT,These allegations are
apart of the civil complaint proceedings before this
court and would  reasonably calculate to lead to a
discovery of admissiable evidence.

Defenfant filed an opposistion motion to plaintiff's request to
extend discovery for (60)Days to allow defendants to properly
respond to plaintiff's 2nd set of discoveries which they have
deemed to be to Inadequate,Vague and/or Compounded in nature to
answer fully or in an cooperative manner (SEE ATTACHED MARKED AS
EXHIBIT"J") Defendant should be required to respond to plaintiffs
1st and or 2nd set of Discovery request (or) provide to the court
written cause/reason why and how plaintiff request sought under
"PRODUCTION OF DOCUMENTS",pose an actual Threat to the entire
CDC.Instution if provided to plaintiff.

Plaintiff seeks an order from the court to "COMPELL" defendant
to respond in an coopertive manner,to the discoverie requested by
plaintiff which will be relied upon at trail and would lead to
an reasonable calculation of a discovery of admissible evidence.

If the courts decides to rule against plaintiff in this matter
plaintiff respectfully request that a TRAIL DATE BE SET IN THIS
MATTER TO RESOLVE ANY AND ALL ISSUES WITHIN THE FILED CIVIL
COMPLAINT FILED AGAINST DEFENDANT DEBRA SWEENY.

DATED: June 17th 2012                    /s/ Keith R. Bridgewater

1

EXHIBIT "A"    Plaintiff's fisrt set of discoveries sought
               dated January 22nd 2012

2

3

EXHIBIT "B"    Plaintiff's "GOOD-FAITH" attempt to resolve
               dispute w/defendant dated March 25th 2012

4

EXHIBIT "C"    Plaintiff's Motion to compell defendants to
               respond to discoveries dated March 26th 2012

5

EXHIBIT"D"     Defendants arguement that discoveries sought by
               plaintiff were never recieved dated March 27th 2012

6

7

EXHIBIT"E"     Plaintiff Motion to withdraw previously filed
               motion to compell dated April 5th 2012

8

EXHIBIT "F"    Defendants/Plaintiffs stipulation of terms set
               for further discoveries and or motion to compell
               dated April 5th 2012

9

10

EXHIBIT "G"    Defendants response to plaintiff's 1st set of
               discoveries dated April 30th 2012

11

12

EXHIBIT"H"     Plaintiff's 2nd set of discoverier sought
               dated May 14th 2012

13

EXHIBIT "I"    Plaintiff's "GOOD-FAITH",letter attempting to
               resolve dispute concerning discovery response
               by defendant dated June 4th 2012

14

15

EXHIBIT "J"    defendants opposistion motion to plaintiffs
               request for extention of time to the discovery
               Phase of the proceedings dated May 24th 2012

16

17

18

19

20

21

22   DATED: June 17th 2012                    /s/ Keith P. Bridgewater

23

24

25

26

27

28

# EXHIBIT COVER PAGE

**"A"**

EXHIBIT

Description of this Exhibit: `Plaintiff's 1st set of Discoveries`

Number of pages to this Exhibit: ___10___ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Appllellate Court |
| ☐ | State Supreme Court |
| **XXX** | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |



1   Keith R Bridgewater #H00108
    CSP Sacramento New Folsom Prison (C-6-106)
2   Post Office Box 290066
    Represa,California (95671)
3             (IN PRO PER)

4

5                 United States District Court
                For The Eastern District of California
6

7   Keith R Bridgewater,              CASE # 2:11-CV-1216 CMK (P)
              (PLAINTIFF)
8   VS                              "PLAINTIFF'S FIRST SET OF
    Debra Sweeny,et al                 INTERROGATORIES FOR
9             (DEFENDANT)             (L.V.N D.Sweeny)Defendant

10

11

12  PROPOUNDING PARTY: Keith R Bridgewater

13  RESPONDING PARTY : Debra Sweeny (Licensed Vocational Nurse)

14  SET NUMBER (1) ONE

15

16      Under Federal Rules of Civil Procedure(FRCP),Rule 33,Plaintiff

17  Keith R Bridgewater demands (L.V.N) Debra Sweeny,respond to the

18  following Interrogatories.Such responses must be based upon all

19  Non-priviledged information available to the responding party,their

20  Agents,Employees,Attorneys,and all other action on their behalf.

21      Response to each interrogatory must be subscribed under oath by

22  all party herin served within (30) Days,after service of this

23  request pursuant to FRCP rule 33,as used in these interrogatories.

24  the term YOU.YOUR,YOURS,shall be interpted to mean defendant,

25  Employees,Attorney and other persons acting or purporting to act

26  on their behalf.

27      As used in this interrogatories,the term PERSON,PERSONS,means

28  and including actual persons,public or private coroperation,sole

#2

1  proprietorship,films,associates,joint ventures and any other
2  private or public entity.

3      As used in these interrogatories,the term COMMUNICATIONS,
4  refers to any exchange of information between or among two or more
5  persons,including,but not limited to Written contact by Letters,
6  Memorandums,Telegraph,Facsmile,or other wise or Verble contact and
7  Face to face meetings,Telephone conversations or other wise.
8      As used in these interrogatories,the term DOCUMENT,DOCUMENTS,
9  shall include,but not limited to any kind of written graphic,or
10  Recorded matter however produced,of any kind or description,whether
11  sent or received or either including originals,copies and drafts,
12  and both sides thereof and including but not limited to paper,Books,
13  Letters,Photographs,Posters,Objects,Tangible things,Correspondence,
14  Telegrams,Cables,Facsimiles,Telex Message,Reports and Recordings
15  of telephone or other conversations or other conversations or in
16  conference,or other meetings,Affidavits,Statements,Opinions,Reports
17  Studies,Analyses,Evaluations,Financial statements,Prospectors,
18  Circulars,Cirtificates,Press Release,Annual Reports,Quarterly report
19  Minute Orders,Written Guildlines,Operational Manuals and all things
20  similar to any of the following/Foregoing however denominate:dated,
21  Produced,Generated or Recieved at any time prior to and including
22  the date of production of responses herein.

23      When you are asked to ppoduce a ducument in these interrogatories
24  please set forth the title of the document,if any dates if any
25  general description of it's contents,names,address,and telephone
26  numbers of the person,who is the present custodian of the document.
27      If you object to any of the following interrogatories,you must
28  state specificity the reason for your objection(s).

#3

1  Keith R Bridgewater #H00108

2  CSP Sacramento (New Folsom)(C-6-106)

   Post Office Box 290066

3  Represa,California (95671)

4              (IN PRO PER)

5

6

7         THE UNITED STATES DISTRICT COURT

8         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

                              CASE # <u>2:11-CV-1216 CMK (P)</u>
10  Keith R Bridgewater,
              (Plaintiff)

11  vs                        "PLAINTIFF'S""FIRST SET"
                              REQUEST FOR ADMISSION
12  Debra Sweeny,et,al        FOR (L.V.N D.Sweeny)
              (Defendants)

13  _____

14

15

16  PROPOUNDING PARTY: Keith R Bridgewater

    RESPONDING PARTY:  Debra Sweeny (Licensed Vocational Nurse)
17  SET NUMBER: (1) One

18

19    Plaintiff Keith R Bridgewater,hereby request defendant D.Sweeny

20  respond to the following request for Admissions,pursuant to Rule 36

    of the Federal Rules of Civil Procedure.
21        Please take notice that failure to respond in the time

22  permitted by law,will have the effect of admitting the matter to
    which an Answer/Admission is sough,also take note the rule 37(c)

23  of the Federal Civil state's
                ""expenses on failure to admit,if party
24        fails to admit the genuineness of any documents
          or the truth of any matter as required under rule
25        36,and if the party requesting the admission,there-
          after proves the genuiness of the Document of the truth
26        of the matter,the requesting party may apply to the court
          for an order requesting the other party to pay the reasonable
27        expenses incurred in making that proof".

28                  (1)                                    #4

## "REQUESTS FOR ADMISSION"

### ADMISSION #1
Admit that at the time of your written Rules Violation Report(RVR) hereout,against plaintiff dated July 25th 2010,you were completely knowledgeable of the CDC Rules,Regulation and POlicy of having any inmate Immediately physically removed from the general inmate population for threats towards staff members.

### ADMISSION #2
Admit that you consciously and willfully written a RVR against plaintiff,using language that would ensure immediately that plaintiff would be removed from the general inmate population and placed into Administrative Segergation Housing Unit(AD/SEG)

### ADMISSION #3
Admit that plaintiff was removed from the general inmate population housing and placed into AD/SEG solely  on your written accounts of alledged events of the night of July 25th 2010

### ADMISSION #4
Admit that you "FAILED",to Record,Document,Log or Directly inform custody staff of any prior disruptive,hostile,aggressive forms of behaviorism by plaintiff,during Medication LIne in which you were entrusted to perform,during the months of May,JUne,July of 2010 which would have placed custody personell on notice of such actions of plaintiff.

### ADMISSION #5
Admit that it was and is your "OFFICIAL POSISTION",that plaintiff physically threatened you on the night of July 25th 2010,while in the direct physical presence of Two Correctional Officers, during the evening Medication Pill Line.

### ADMISSION #6
Admit that plaintiff filed a prison grievence 602 against you on July 16th 2010 for Selective Prosecution;Retaliation,Deliberate Indifference and Unprofessionalism,and in turn you filed an RVR against plaintiff which resulted in the immediate removal of plaintiff from the general inmate population on July 25th22010

### ADMISSION #7
Admit that the alledged actions of plaintiff,recorded and written by you were "DISMISSED IN THE INTEREST OF JUSTICE",BY prison authority.

### ADMISSION #8
Admit  that while you have been employed with CSP Sacramento New Folsom Prison as an Liecence Vocational Nurse,you have not abrused the allowable overtime hours worked any given particular month in which any state employee can legally work under law.

///
///
///

**#5**

ADMISSION # 9

Admit that you were imformed that plaintiff was rehoused on B-Facilty Ad/Seg Housing Unit and you consciously and willfully place a Bid(Job Location Request),to be reassigned to B-Facilty the very housing unit in which plaintiff was housed and you once again begun to administer plaintiff's daily medication.

ADMISSION # 10

Admit that in the direct presence of two correctional officers (C/O Kelly & C/O Carlson) Plaintiff simply verbally reiterated in a constant manner,that he was afforded particular rights,during the adminstrered medication pill line and it was this recitation of established rights,that you used as the factor to alledge that plaintiff thneatened you in an physical manner.

ADMISSION #11

Admit that the amount of overtime in which you worked directly contributed to you suffering a stroke,due to long and consisted hours being worked

ADMISSION #12

Admit that the contents of your written RVR against plaintiff is an exact and true account of events.

ADMISSION #13

Admit that if you were so fearful and scraded of plaintiff and coupled with your written statement of not wanting to see or hear plaintiff's voice and you will "REFUSE TO WORK AROUND PLAINTIFF", you would not have bidded to work B-Facilty,where plaintiff was currently being housed.

DATED: Jan 22nd 2012

By: Keith Bridgewater #H00108
CSP Sacramento (C-6-106L)
Post Office Box 290066
Represa,California(95671)

(3)

1    Keith R Bridgewater #H00108
    CSP Sacramento New Folson Prison (C-6-106)
2    Post Office Box 290066
    Represa,California (95671)
3            (IN PRO PER)

4

5             United States District Court
           For the Eastern District of California

6

7   Keith R Bridgewater,       CASE #2:11-CV-1216 CMK (P)
        (PLAINTIFF)
8   VS                "PLAINTIFF'S FIRST SET OF
                   REQUEST FOR PRODUCTION OF
9   Debra Sweeny,et,al      DOCUMENTATIONS" FOR(L.V.N)
        (DEFENDANT)     DEBRA SWENY DEFENDANT
10

11

12    PROPOUNDING PARTY :Keith R Bridgewater

13    RESPONDING PARTY: Debra Sweeny (Licensed Vocational Nurse)

14    SET NUMBER: (1) ONE

15

16      Under Federal Rules of Civil Procedure (F.R.C.P) rule 34,

17   Plaintiff hereby demands,that defendant produce the documentations

18   described herein.

19     Please take notice that under F.R.C.P Rule 34,Defendant is

20   required to  serve on plaintiff within (30) Days after service of

21   this requested,a written response to this request,subscribed by you

22   Agents,Employees,Attorney or any other person acting or purporting

23   to act on their behalf,under oath,together with each and every

24   Document,Paper,both sides therein,Letters,Objects or other Tangible

25    things,which fall within the Categories described herein,which are

26   your possession,Custody or Control.

27     Such material are to be produced to Keith R Bridgewater #H00108

28   Post Office Box 290066 Represa,California (95671) In legible

**#7**

(1)

1  photocopies of front and back of each such document that will be
2  officially produced,in lieu of personal production of the original
3  provide such photocopies to the address provided for the plaintiff.
4     It's not plaintiff's intention to request production of privil-
5  edged matters.If any material requested are claimed to be privil-
6  edged,please list a detailed description and account as to why the
7  material is priviledged.
8     The documents and/or tangible things for which inspection is
9  demanded are believed to be currently in the possession of said
10 party,not priviledged,are relevant to the subject matter of this
11 action and are reasonably calculated to lead to the discovery of
12 admissible evidence.
13                            "DEFINTIONS"
14 (1) The term UNDERLINED{DUCUMENT(S)},shall include,without limitation,all
15 Written,Printed,Typed,Recorded,Magnetic,Punched copies,Graphics or
16 other tangible things in ,upon or from which information may be
17 embodied,translated,conveyed,or stored,including,without liminatation
18 Letters,Memorandums,Pleadings,Notices,Records,Books,Papaers,Tele-
19 grams,Telex,Dictations,or other Audio tapes,Videos,Computers Disc,
20 Computer Tapes,Computer print outs,work sheet,Diaries,Calenders
21 Daily Logs.
22 (2) The term RELATING TO,any given subject as used herein means in
23 whole or in part constituting,containing embodying,reflections,
24 identifying,stating,referring to,evidencing or in any other way
25 being relevant to that given subject.
26 (3) PLAINTIFF refers to Keith R Bridgewater
27 (4) INCIDENT,refers to the factual events,which are the subject of
28 this action as described in plaintiff's complaint

(2)

1  (5) POLICY refers to any official procedure or accepted mode of

2  performance as set forth in any manual,book,guildline,momorandum,

3  reports,document or letter or any standard,which has become an

4  acceptable and official modes of procedure through use,repetition

5  or oral communicatuion.

6  (6) CUSTUM refers to a persistent,widespread practice though not

7  authorized by officially adopted policies,is so common and well

8  settled as to constute as mode of behavior,that fairly represent

9  policy.

10  (7) IDENTIFY,when refering to a natural person,means the name,

11  address,telephone number,place of employement and posisition

12  witnin said employement.

13  (8) IDENTIFICATION,when referring to a document or other tangible

14  things,means the name and/or any other identifying characteristic

15  date,signature on the document and includes where document can be

16  located.

17  (9) PERSON refers to but not limitated too Individual,civilian,

18  officer,Natual person,firm,association ,organization,partnership,

19  business,trust corporation or public entity

20  (10) ADDRESS,means the street address,including the city,state

21  and zip-code.

22  (11) The term YOU,YOURS OR ANY PERSON,includes,but not limited to

23  the Attorney,Agents,Employees,Servanes and REpresentations or

24  Investigators of CSP SACRAMENTO NEW FOLSOM PRISON

25  (12) COMPLAINT include judicial adminstrative,internal complaint

26  dissatisfactions,grienences,charges,criticism,objections,protest

27  and dislikes.

28  ///

#9

"IMPORTANT"

1    Please take notice,that this request for documents is for the

2    "UNREDACTED/UNEDITED DOCUMENTS",failure to produce these

3    unredacted/unedited documents will be deem as a failure to comply

4    with discovery request and plaintiff will move for an order

5    compelling this request,and to seek cost for bringing this motion

6

7    DOCUMENTATION NO 1

8    Produce an Unredacted/Unedited copy of your employement Time
     Card,which clearly stipulates the amount of actual hours you've
9    worked during the particular months of April,May,JUne,July,
10   August and September 2010.

11   DOCUMENTATION #2

12   Produce copies of prison Rules,Regulations,or Policy concerning
     the mandated hours that are not to be exceeded by any employee
13   working over-time hours after they regular shift has been dully
14   completed.

15   DOCUMENTATION #3

16   Produce any and all CDC documentations,that you've written and
     submitted,to prison aurthoritys,in direct regards to any progre-
17   ssive Disruptive,Hostile,Aggressive or Threatening behaviorism
18   by plaintiff Keith Bridgewater #H00108,to support your claims
     that plaintiff has become and did pose an Physical Threat to you.
19   DOCUMENTATION # 4

20   Produce Unredacted/Unedited copy of any and all previously filed
     CDC 602 Appeal Greivence complaints filed against you as Liecence
21   Vocational Nurse (L.V.N),while employed at CSP-Sacramento New
22   Folsom Prison.

23   DOCUMENTATION #5

24   Produce an Unredacted/Unedited copy ofHealth Care Service
     Medication Management General Administration and Method of
25   Delivery of all medication,that support your claims that medication
26   is'nt required to be left in it's original protective container
27   intill delivery to prevent contaimination and would contridict
     petitioner's previously "GRANTED APPEAL",stipulating other-wise.

28

**#10**

(4)

DOCUMENTATION #6

1

Copies of any and all DOCUMENTS,other than those described in

2

request #1 though #5 which mention or discuss guildlines for

3

over-time hours being worked and medication distrubution protocal

4

5

6

7

8

9

10    DATED: __Jan 22nd 2012__          BY: Keith R Bridgewater

11                                          Keith R Bridgewater
                                            #H00108
12                                          CSP Sacramento (C-6-106)
                                            Post Office Box 290066
13                                          Represa,California (95671)
                                                    (IN PRO-PER)
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(5)

#11

VERIFICATION

(C.C.P. §§ 446, 2015.5, 28 U.S.C § 1746)

I, Keith R Bridgewater , declare under the penalty of perjury that

I am the Plaintiff/Prisoner in the attached matter, I have read the foregoing documents(s) and know the contents thereof, and the same is true of my own personal knowledge, or upon information and belief therein that they are true, that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this 22nd day of January 2012 at California State Prison/Sacramento, Represa, California 95671.

(Signature) Keith Bridgewater

Declarant

═══════════════════════════════════════════════════════════

DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, Keith R Bridgewater , declare:

That I am a resident of California State Prison/Sacramento, State Of California; I am over the age of 18 years. I am/am not a party to the above entitled action; My address is P.O. Box 290066, Represa, California 95671-0066. I served the attached document(s) entitled:

#1 Plaintiff's First Set of Discovery Request

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

#1 Deputy Attorney General
1300  I" Street,Suite 125
P.O.box 904255-
Sacramento,California (94244-2550)

There is First Class mail delivery service by United States Mail at the places so addressed and/or communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this 24th day of January 2012, at California State Prison/Sacramento, Represa, California 95671.

#12

# EXHIBIT COVER PAGE

**"B"**

EXHIBIT

Description of this Exhibit: `Plaintiffs "GOOD-FAITH" ATTEMPT with the defendants to resolve dispute`

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#13

1    Keith R. Bridgewater #H-00108
     CSP Sacramento New Folsom Prison
2    Post Office Box 290066 (C-6-106L)
     Represa,California (95671)
3

4    William J. Douglas State Bar No 125079
     Deputy Attorney General
5    1300 "I" Street,Suite 125
     Post Office Box 944255
6    Sacramento,California (94244-2550)

7

8    Mr Douglas,

9      Im formulating this syntax to you to address the Discoveries
10   in which I've requested on [JANUARY 22nd 2012],that you have yet
     to respond to.This letter serves as "GOOD-FAITH",efforts to compell
11   you to dully respond.
12      Im stating for the record,that I will be filing an motion to
     compell,under the rules set forth within Rules of The COurt for
13   the Eastern District of California (RUle 37(a)).I'll be doing so
14   within 60 Days thereof,if you continue to not provide the sought
15   after discoveries,which im enclosing another copy,to ensure you
     have been issued them in accordence with the rules of court.
16      Discovery has been set no later then May 25th 2012 and there-
17   fore by the rules of court,I must attempt in "GOOD -Faith",to
18   resolve any disputes we may have and I have this one set forth
19   within this instan letter to you (Being NOn-Responsive to the
     discoveries sought 2 Months ago) and not being provided the chance
20   to put forth any potential 2nd set of discoveries if required,
21   based upon the time frame to due so or file a motion to compell.
22      I hope that we can both adhear to the established rules set
     forth,under the discovery phase and provide the responses each
23   has sought to obtain in our respective discovery request.In clos-
24   ing on or about March 22nd or 23rd 2012 I SHALL BE FORMALLY FILING
25   A MOTION TO COMPELL,if you have not responded in the time frame
     your required to do so (WITHIN 45 Days OF THE DISCOVERY REQUESTS)
26

27

28   DATED: MARCH 15th 2012        /S/ Keith Bridgewater



#14

## VERIFICATION

(C.C.P. §§ 446, 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare under the penalty of perjury that:

I am the _Plaintiff/Prisoner_ in the attached matter;  I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _15th_ day of _March_____, _2012_, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_____
Declarant

*******************************************************************************

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066;  I served the attached document(s) entitled:
LETTER TO WILLIAM DOUGLAS
TO RESPOND TO DISCOVERIES
ATTACHING A TRUE COPY OF 1st Set of discoveries
mailed Jan 22nd 2012
GOOD FAITH EFFORT LETTER

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

DEPARTMENT OF JUSTICE
ATTORNEY GENERAL OFFICE

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _15th_ day of _March_____, _2012_____, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_____  **#15**
Declarant

# EXHIBIT COVER PAGE

"C"

EXHIBIT

Description of this Exhibit: Plaintiff's motion to compell
defendants to respond to 1st set
of discoveries

Number of pages to this Exhibit: _____3_____ pages.

JURISDICTION:  (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| . | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |



1

2

3

4

5       IN THE UNITED STATES DISTRICT COURTS
        FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7  Keith R Bridgewater,          CASE# CIV:S-11-1216 CMK P
        (PLAINTIFF)

8  VS                           "MOTION FOR AN ORDER
                                COMPELLING DISCOVERY"
9  Debra Sweeny
        (DEFENDANT)

10  _____

11

12  Plaintiff a State prisoner proceeding,pro-per brings this Civil
    Right action pursuant to 42 U.S.C §1983.An answer to plaintiff's
13
    complaint has been filed and plaintiff was Granted order pursuant
14  to Federal Rules of Civil Procedure 16(b) to file the required
15  Discoveries.

16    Responses to plaintiffs discoveries submitted January 22nd 2012
    (SEE ATTACHED DISCOVERIES FOR CLARIFICATION HERETO,MARKED AS
17  EXHIBIT"A") were due (45) Days,after the request is served.
18  Plaintiff moves this court for an order pursuant to 37 (a) of the
    Federal RUles of Civil Procedure,compelling defendant (Debra
19  SWeeny) to answer fully Interrogatories 1-19,In additti on to,
20  Produce for inspection all requested documentation(s) 1-6 mention
21  in plaintiff's Request for Production of Documents (ATTACHED
    COPIES HERETO).Also request that all REquest for Admissions 1-13
22  be answered in their entirty(ATTACHED COPIES HERETO).

23     Plaintiff submitted these "DISCOVERY REQUEST",on January 22nd
24  2012 pursuant to rule(s) 33,34 and 36 of the Federal RUles of
    Civil Procedure,plaintiff submitted the above cited request for
25  Discovery,but has yet to recieve the sought after responses or
26  Documentations from defendant.

27     On March 15th 2012 plaintiff filed a letter in ("GOOD-FAITH")
    effort with defendant's attorney,to resolve this dispute as
28

                        (1)



1 | stipulated in the (ATTACHED EXHIBIT MARKED "B").Plaintiff seek's
2 | court order for defendant,to respond with the instant motion
3 | before the court,necessary to compel discovery (60)DAYS,prior to
the cut-off date of May 25th 2012.
4 |     In closing plaintiff anticipate filing a motion for extention
5 | of time to allow plaintiff,to respond to any discoveries that are
6 | produced that are either Inadequate or Vauge in nature,that the
defendants produce.

10 | DATED:MARCH 26thth 2012     /S/ _Keith Bridgewater_____

Keith R Bridgewater
#H-00108
CSP Sacramento New Folsom
Sacramento,California(95671)
IN PRO PER)



(2)

## VERIFICATION

(C.C.P. §§ 446, 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare under the penalty of perjury that:

I am the _Plaintiff/Prisoner_____ in the attached matter;  I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _26th___ day of _March_____, _2012_____, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_____
Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066;  I served the attached document(s) entitled:

_motion for an order compelling discovery_

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

#1  UNITED STATES DISTRICT COURTS
    OFFICE OF THE CLERK
    EASTERN DISTRICT OF CALIFORNIA
    501 "I" Street,Suite 4-200
    Sacramento,California(95814-2322)

#2  OFFICE OF THE ATTORNEY GENERAL
    1300 "I" Street,Suite 125
    POST OFFICE BOX 944255
    Sacramento,California (94244)
    ATTN WILLIAM J Douglas

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _26th___ day of _March_____, _2012___, at California State Prison/Sacramento, Represa, California 95671.

**#19**

(Signature) _Keith Bridgewater_____
Declarant

# EXHIBIT COVER PAGE

**"D"**

EXHIBIT

Description of this Exhibit: Defendants arguement that plaintiffs
1st set of discoveries were never
recieved by defendant

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |





**KAMALA D. HARRIS**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 327-5596
Facsimile:  (916) 324-5205
E-Mail:  William.Douglas@doj.ca.gov

March 27, 2012

Keith R. Bridgewater, H-00108
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671-0066

RE:   Keith R. Bridgewater v. Debra Sweeney
      United States District Court, Eastern District of California, Case No. 2:11-cv-01216-
      CMK

Dear Mr. Bridgewater:

On March 27, 2012, I received your letter of March 15, 2012, stating that you intend to bring a motion to compel responses to discovery. Attached to the letter are requests for admissions, interrogatories, and requests for production of documents that you say were served on January 22, 2012.

None of these discovery requests were received by me previously. Your proof of service shows that the requests were mailed to "Deputy Attorney General" and did not include my name. This may be why I did not receive them. On all future correspondence you must include my name.

I will respond to the discovery requests received on March 27, 2012, within 45 days of March 15, 2012, the day your letter was mailed. Thus, you may expect responses to be served on or before April 30, 2012, which is well before the date discovery closes.

Sincerely,

WILLIAM J. DOUGLAS
Deputy Attorney General

For   KAMALA D. HARRIS
      Attorney General

WJD:
SA2011303825
31431509.doc

**#21**



# EXHIBIT COVER PAGE

<div style="border:1px solid">"E"</div>

EXHIBIT

Description of this Exhibit: Plaintiffs motion to withdraw his previously filed motion to compell

Number of pages to this Exhibit: _____3_____ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#22

1

2

3

4

IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6   Keith Bridgewater,        CASE # 2:11-cv-01216 CMK
            (PLAINTIFF)

7   VS                        "MOTION TO [WITHDRAW]
                               PREVIOUSLY SUBMITTED
8   Debra Sweeny,             MOTION TO COMPELL"
            (DEFENDANT)

9   _____

10

11  I Keith Bridgewater,is the plaintiff in a Civil Suit brought

12  under U.S.C 42 §1983

    Plaintiff hereby moves the court to "WITHDRAW",previously filed
13
    motion to compell defendants to respond to Discoveries sought on
14  January 22nd 2012,plaintiff filed motion to compell on March 26th

15  2012,which steamed from the Non-Responsive actions of defendant.

16      Resently (March 29th 2012) Plaintiff and Defendant's Attorney
    William J Douglas conversed (VIA:Telephone Interveiw)and it was
17  determined,that said Discoveries when mailed failed to enclude

18  defendants Name on the envelope and therefore claims have been

    asserted,that discoveries were never received.
19
        Plaintiff comes forth with the request to withdraw his motion
20  to compell in accordence with the following stipulations by the

21  defense/defendant;

            (A) Request for (60) Sixty addititional Days to the
22              discovery phase is granted,to allow plaintiff to
                respond to any Inadquate or Vague responses issued
23              by the defendant.

24          (B) Defendant stipulates for the record,that he never
                recieved plaintiff's Original discovery request filed
25              January 22nd 2012.

            (C) Based upon the attached letter from defendant's
26              Attorney William J Douglas,which commits to a response
                on or before April 30th 2012,Thus the requested
27              demand by plaintiff for nothing less then (60)Days

28


(1)

**#23**

1        extention to respond to those discoveries,which
    will allow plaintiff to file any potential motions
2        to compell and/or extention of time to respond to
    any and all Inadquate and Vauge responses from the
3        defendant.

4

5      For the above cited reason,plaintiff in "GOOD-FAITH",wishes

6    to withdraw his previously filed motion to compell,solely based

on the above "STIPULATIONS",by defendant's Attorney and the

7    "GRANTING" of the requested (60)Days by the defendant,to extend

8    the discovery phase.

9

10

11   DATED: April 0Sst 2012          /S/ Keith Bridgewater

12                                   Keith Bridgewater #H-00108
                                     CSP New Folsom (C 6-106L)
13                                   Post Office Box 290066
                                     Represa,California (95671)
14                                         (IN PRO-PER)

15

16

17

18

19

20

21

22

23

24

25

26

27

28


(2)

#24

## VERIFICATION

(C.C.P. §§ 446, 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare under the penalty of perjury that:

I am the _Plaintiff/Prisoner_____ in the attached matter;  I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _05st_ day of _April_____ _2012__, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_____

Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, _Keith Bridgewater_____, declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066; I served the attached document(s) entitled:

MOTION TO WITHDRAW PREVIOUSLY
FILED MOTION TO COMPELL DEFENDANTS
TO RESPOND TO DISCOVERIES

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

Department of Justice
Attorney General's Office
1300 "I" STreet Suite 125
Post OFfice Box 944255
Sacramento,California (94244-2550)
   ATTN:William J Douglas

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _05st___ day of _April_____, _2012__, at California State Prison/Sacramento, Represa, California 95671.

**#25**

(Signature) _Keith Bridgewater_____

Declarant

# EXHIBIT COVER PAGE

"F"

EXHIBIT

Description of this Exhibit: Stipulated terms by both parties
to extend discovery phase based on
particular terms

Number of pages to this Exhibit: ___2___ pages.

JURISDICTION: (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Appellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#26

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MISHA D. IGRA, State Bar No. 208711
   Supervising Deputy Attorney General
3  WILLIAM J. DOUGLAS, State Bar No. 125079
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 327-5596
6   Fax: (916) 324-5205
    E-mail: William.Douglas@doj.ca.gov
7  *Attorneys for Defendant Sweeny*

8                  IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      SACRAMENTO DIVISION

11                                    | Case No. 2:11-cv-01216-CMK

12 **KEITH R. BRIDGEWATER,**          | **AMENDED SCHEDULING ORDER**

13                        Plaintiff,

14           v.

15 **DEBRA SWEENY,**

16                        Defendant.

17

18      Defendant Sweeney requested a modification of the Court's Scheduling Order (ECF No.

19 14) under the stipulation signed by the parties. For good cause shown,

20      IT IS ORDERED:

21      1.    Sweeney will serve Bridgewater with responses to the Discovery Request on or

22 before April 30, 2012. Sweeney reserves the right to assert all applicable objections and

23 privileges.

24      2.    Bridgewater may serve a motion to compel further responses to the Discovery

25 Requests on or before June 29, 2012.

26      3.    Dispositive motions shall be filed on or before September 27, 2012.

27      4.    Bridgewater withdraws his pending motion to compel. (ECF No. 15.)

28 ///

                                    1



1    5.    The Court's Scheduling Order (ECF No. 14) remains unmodified in all other respects.

2

3    **Date: 4/11/2012**

4

5

6                                              _Craig M. Kellison_
                                               **CRAIG M. KELLISON**
7                                              UNITED STATES MAGISTRATE JUDGE

8

9

10   SA2011303825
11   31434528.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2
                        [Proposed] Amended Scheduling Order (2:11-cv-01216-CMK)



# EXHIBIT COVER PAGE

"G"

EXHIBIT

Description of this Exhibit: Dfendants response to plaintiffs
1st set of discoveries,which have
been deemed by plaintiff to be
Uncooperative and Incomplete

Number of pages to this Exhibit: _____24_____ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#29

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   MONICA N. ANDERSON, State Bar No. 182970
    Supervising Deputy Attorney General
3   WILLIAM J. DOUGLAS, State Bar No. 125079
    Deputy Attorney General
4    1300 I Street, Suite 125
    P.O. Box 944255
5    Sacramento, CA 94244-2550
    Telephone: (916) 327-5596
6    Fax: (916) 324-5205
    E-mail: William.Douglas@doj.ca.gov
7   *Attorneys for Defendant Roberts-Sweeny*

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11

12   **KEITH R. BRIDGEWATER,**

13                     Plaintiff,

14          **v.**

15   **DEBRA SWEENY,**

16                 Defendant.

17

Case No. 2:11-cv-01216-CMK

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

18   **PROPOUNDING PARTY:**     **KEITH R. BRIDGEWATER**

19   **RESPONDING PARTY:**      **DEFENDANT ROBERTS-SWEENY**

20   **SET NUMBER:**             **ONE**

21   **REQUEST FOR ADMISSION NO. 1:**

22       "Admit that at the time of your written Rules Violation Report (RVR) hereout [sic],

23   against plaintiff dated July 25th 2010, you were completely knowledgeable of the CDC Rules,

24   Regulation and Policy of having any inmate Immediately physically removed from the general

25   inmate population for threats towards staff members."

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

27       Objections. The request is compound, and the phrase "completely knowledgeable of the

28   CDC Rules, Regulation and Policy" is vague and ambiguous. The request is also irrelevant and

**#30**

                           1

1    not calculated to lead to admissible evidence.  The request is argumentative, such that either an

2    admission or denial would be an implicit admission that it is "CDC Rules, Regulation and Policy"

3    that any inmate is "immediately physically removed from the general inmate population for

4    threats towards staff members."  Without waiving said objections, Responding Party denies that

5    she knew that reporting Plaintiff's actions on July 25, 2010, would result in him being

6    "immediately removed from the general inmate population."

7    **REQUEST FOR ADMISSION NO. 2:**

8           "Admit that you consciously and willfully written a RVR against plaintiff, using language

9    that would ensure immediately that plaintiff would be removed from the general inmate

10   population and placed into Administrative Segregation Housing Unit (AD/SEG)"

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

12          Objections.  The request is compound, and the phrase "consciously and willfully" is vague

13   and ambiguous.  The request is also irrelevant and not calculated to lead to admissible evidence.

14   The request is argumentative, such that either an admission or denial would be an implicit

15   admission that it Plaintiff was immediately removed "from the general inmate population and

16   placed into Administrative Segregation Housing Unit (AD/SEG)."  Without waiving said

17   objections, Responding Party responses as follows: Denied.

18   **REQUEST FOR ADMISSION NO. 3:**

19          "Admit that plaintiff was removed from the general inmate population housing and placed

20   into AD/SEG solely on your written accounts of alleged events of the night of July 25th 2010"

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

22          Objections.  The request is compound, and the phrase "solely on your written accounts of

23   alleged events" is vague and ambiguous.  Without waiving said objections, Responding Part

24   responds as follows: Denied.

25   **REQUEST FOR ADMISSION NO. 4:**

26          "Admit that you "FAILED" to Record, Document, Log or Directly inform custody staff of

27   any prior disruptive, hostile, aggressive forms of behaviorism by plaintiff, during Medication

28   / / /

2

1   Line in which you were entrusted to perform, during the months of May, June, July of 2010

2   which would have placed custody personell [sic] on notice of such actions of plaintiff."

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

4        Objections. The request is compound, and the phrase "disruptive, hostile, aggressive

5   forms of behaviorism by plaintiff" is vague and ambiguous. The request is also irrelevant and not

6   calculated to lead to admissible evidence. The request is argumentative, such that either an

7   admission or denial would be an implicit admission that Defendant had a duty to "Record,

8   Document, Log or Directly inform custody staff of any prior disruptive, hostile, aggressive forms

9   of behaviorism by plaintiff, during Medication Line." Without waiving said objections,

10   Responding Party responds as follows: Denied.

11   **REQUEST FOR ADMISSION NO. 5:**

12        "Admit that it was and is your "OFFICIAL POSISTION [SIC]", that plaintiff physically

13   threatened you on the night of July 25th 2010, while in the direct physical presence of Two

14   Correctional Officers, during the evening Medication Pill Line."

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

16        Objections. The request is compound, and the phrases "official position" and "direct

17   physical presence" are vague and ambiguous. The request is also irrelevant and not calculated to

18   lead to admissible evidence. The request is argumentative.

19   **REQUEST FOR ADMISSION NO. 6:**

20        "Admit that plaintiff filed a prison grievance 602 against you on July 16th 2010 for

21   Selective Prosecution; Retaliation, Deliberate Indifference and Unprofessionalism, and in turn

22   you filed an RVR against plaintiff which resulted in the immediate removal of plaintiff from the

23   general inmate population on July 25th22010"

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

25        Objections. The request is compound. The phrases "Selective Prosecution; Retaliation,

26   Deliberate Indifference and Unprofessionalism" and "in turn" are vague and ambiguous. The

27   request is argumentative, such that either an admission or denial would be an implicit admission

28   that: 1) "Plaintiff filed a prison grievance 602 against you on July 16th 2010 for Selective

3

1   Prosecution; Retaliation, Deliberate Indifference and Unprofessionalism;" and 2) Plaintiff was

2   immediately removed "from the general inmate population on July 25th 22010." Without

3   waiving said objections, Responding Party responds as follows: Defendant denies she retaliated

4   against Plaintiff for an inmate appeal.

5   **REQUEST FOR ADMISSION NO. 7:**

6          "Admit that the alledged [sic] actions of plaintiff, recorded and written by you were

7   "DISMISSED IN THE INTEREST OF JUSTICE" , BY prison authority."

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

9          Objections.  The request is compound, vague and ambiguous.  The request is

10  unintelligible.  Without waiving said objections, responding Party responds as follows: Defendant

11  admits that Plaintiff was found not guilty of RVR log number C-10-07-075.

12  **REQUEST FOR ADMISSION NO. 8:**

13         "Admit that while you have been employed with CSP Sacramento New Folsom Prison as

14  an Liecence [sic] Vocational Nurse, you have not abrused [sic] the allowable overtime hours

15  worked any given particular month in which any state employee can legally work under law."

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

17         Objections.  The request is compound, irrelevant and not calculated to lead to admissible

18  evidence.  The phrase "abrused [sic] the allowable overtime hours worked any given particular

19  month in which any state employee can legally work under law" is vague ambiguous and

20  unintelligible.  The request is argumentative, such that either an admission or denial would be an

21  implicit admission that there is a maximum "allowable overtime hours worked any given

22  particular month in which any state employee can legally work under law."

23  **REQUEST FOR ADMISSION NO. 9:**

24         "Admit that you were imformed [sic] that plaintiff was rehoused on B-Facility Ad/Seg

25  Housing Unit and you consciously and willfully place a Bid(Job Location Request) , to be

26  reassigned to B-Facility the very housing unit in which plaintiff was housed and you once again

27  begun to administer plaintiff's daily medication."

**#33**

28  / / /

4

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

2      Objections. The request is compound, irrelevant and not calculated to lead to admissible

3  evidence. The phrase "consciously and willfully" is vague, ambiguous and unintelligible.

4  **REQUEST FOR ADMISSION NO. 10:**

5      "Admit that in the direct presence of two correctional officers (C/O Kelly & C/O Carlson)

6  Plaintiff simply verbally reiterated in a constant manner, that he was afforded particular rights,

7  during the adminstrered [sic] medication pill line and it was this recitation of established rights,

8  that you used as the factor to alledge [sic] that plaintiff threatened you in an physical manner."

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

10      Objections. The request is compound, vague, ambiguous and unintelligible. The request

11  is argumentative, irrelevant and not calculated to lead to admissible evidence.

12  **REQUEST FOR ADMISSION NO. 10:**

13      "Admit that the amount of overtime in which you worked directly contributed to you

14  suffering a stroke, due to long and consisted hours being worked"

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

16      Objections. The request is compound, vague, ambiguous and unintelligible. The request

17  is irrelevant and not calculated to lead to admissible evidence.

18  **REQUEST FOR ADMISSION NO. 11:**

19      "Admit that the contents of your written RVR against plaintiff is an exact and true account

20  of events."

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

22      Objections. The phrase "contents of your written RVR against plaintiff" is vague,

23  ambiguous and unintelligible. Without waiving said objection, Responding Party admits that the

24  facts stated in RVR log number C-10-07-075, "Circumstances" (at pages 1 and 2) are true.

25  **REQUEST FOR ADMISSION NO. 12:**

26      "Admit that if you were so fearful and scraded [sic] of plaintiff and coupled with your

27  written statement of not wanting to see or hear plaintiff's voice and you will "REFUSE TO

28  / / /

**#34**

1    WORK AROUND PLAINTIFF" , you would not have bidded [sic] to work B-Facility, where

2    plaintiff was currently being housed."

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

4         Objections.  The request is compound, irrelevant and not calculated to lead to admissible

5    evidence.  The request is argumentative, vague, ambiguous and unintelligible.

6    Dated:  April 30, 2012                    Respectfully submitted,

7                                              KAMALA D. HARRIS
                                               Attorney General of California
8                                              MONICA N. ANDERSON
                                               Supervising Deputy Attorney General
9

10

11                                             WILLIAM J. DOUGLAS
                                               Deputy Attorney General
                                               *Attorneys for Defendant Roberts-Sweeny*
12   SA2011303825
     31440821.doc
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                    #35

28
                                             6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I declare under penalty of perjury that I have reviewed the attached responses to

Plaintiff's Request for Admissions and that the responses are true.

Executed this ___day of April, 2012, at Susanville, California.

**Verification to Follow**
DEFENDANT ROBERTS-SWEENY

**#36**

7

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Keith R. Bridgewater v. Debra Sweeney**
No.:        **2:11-cv-01216-CMK**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **April 30, 2012**, I served the attached:

• **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Keith Ruben Bridgewater, H-00108
California State Prison
P.O. Box 290066
Represa, CA 95671-0066
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 30, 2012**, at Sacramento, California.

|                        |                     |
| :--------------------: | :-----------------: |
| **D. Jones**           |    *Q. Jones*       |
| Declarant              |    Signature        |

SA2011303825
31447457.doc

**#37**

1 | KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
2 | MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
3 | WILLIAM J. DOUGLAS, State Bar No. 125079
Deputy Attorney General
4 | 1300 I Street, Suite 125
P.O. Box 944255
5 | Sacramento, CA 94244-2550
Telephone: (916) 327-5596
6 | Fax: (916) 324-5205
E-mail: William.Douglas@doj.ca.gov
7 | *Attorneys for Defendant Roberts-Sweeny*

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | SACRAMENTO DIVISION

11 |

12 | **KEITH R. BRIDGEWATER,**

Case No. 2:11-cv-01216-CMK

13 | Plaintiff,

**DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE**

14 | v.

15 | **DEBRA SWEENY,**

16 | Defendant.

17 |

18 | **PROPOUNDING PARTY:**     **KEITH R. BRIDGEWATER**

19 | **RESPONDING PARTY:**      **DEFENDANT ROBERTS-SWEENY**

20 | **SET NUMBER:**            **ONE**

21 | **INTERROGATORY NO. 1:**

22 | "What is/was your official job Title and Description, during the Months of April Through

23 | December of 2010?"

24 | **RESPONSE TO INTERROGATORY NO. 1:**

25 | Objection. The interrogatory is not relevant to any party's claim or defense.  The

26 | interrogatory seeks information that is irrelevant to the claims and defenses at issue in this action

27 | and is not likely to lead to the discovery of admissible evidence.  The interrogatory is overbroad

28 | as to time and scope. Without waiving said objections, Responding Party answers as follows:

1

1   Licensed Vocational Nurse.  The Licensed Vocational Nurse, under the clinical direction of a

2   registered nurse or physician, provides a basic level of general nursing care to inmates

3   incarcerated in the California Department of Corrections and Rehabilitation

4   **INTERROGATORY NO. 2:**

5       "If your response to Request for Admission No 1 Set One, is anything other than an

6   unequivocal admission state all facts upon which your response is based."

7   **RESPONSE TO INTERROGATORY NO. 2:**

8       Objections.  Request for Admission No 1 Set One is compound, and the phrase

9   "completely knowledgeable of the CDC Rules, Regulation and Policy" is vague and ambiguous.

10  The request is also irrelevant and not calculated to lead to admissible evidence.  The request is

11  argumentative, such that either an admission or denial would be an implicit admission that it is

12  "CDC Rules, Regulation and Policy" that any inmate is "immediately physically removed from

13  the general inmate population for threats towards staff members."  Without waiving said

14  objections, Responding Party did not know if filing RVR log number C-10-07-075 would result

15  in him being "immediately removed from the general inmate population."

16  **INTERROGATORY NO. 3:**

17      "Where you acting under the color of law, when you knowingly and willfully written the

18  RVR against plaintiff dated July 25th 2010"

19  **RESPONSE TO INTERROGATORY NO. 3:**

20      Objections.  The phrase "knowingly and willfully" is argumentative, vague, ambiguous

21  and unintelligible.  Without waiving said objections, Responding Party answers as follows:

22  "under color of law" is a legal term unknown to Defendant.  For purposes of this action,

23  Defendant admits that she was acting under color of law in filing RVR log number C-10-07-075.

24  **INTERROGATORY NO. 4:**

25      "If your response to Request for Admission No 2 Set ONe is anything other than an

26  unequivocal admission state all facts upon which your response is based."

27  / / /

28  / / /

**#39**

2

**RESPONSE TO INTERROGATORY NO. 4:**

Objections.  Request for Admission No 2 is compound, and the phrase "consciously and willfully" is vague and ambiguous.  The request is also irrelevant and not calculated to lead to admissible evidence.  The request is argumentative, such that either an admission or denial would be an implicit admission that it Plaintiff was immediately removed "from the general inmate population and placed into Administrative Segregation Housing Unit (AD/SEG)."  Without waiving said objections, Responding Party responses as follows: Responding Party did not know if filing RVR log number C-10-07-075 would result in him being "immediately removed from the general inmate population.".

**INTERROGATORY NO. 5:**

"Is it your official posistion [sic], that the contents within your written RVR against plaintiff dated July 25th 2010 is "COMPLETELY ACCURATE AS WRITTEN/REPORTED"

**RESPONSE TO INTERROGATORY NO. 5:**

Objections.  The intrrogatory is compound, and the phrases "official position" and "COMPLETELY ACCURATE AS WRITTEN/REPORTED" are vague and ambiguous.  The interrogatory is argumentative. Without waiving said objections, Responding Party answers as follows: the facts stated in RVR log number C-10-07-075, "Circumstances" (at pages 1 and 2) are true.

**INTERROGATORY NO. 6:**

"Do you swear under the penalty of perjury that the events that you described within your written RVR, against plaintiff dated July 25th 2010, was "DIRECTLY OBSERVED, WITTENESSED [sic]", by the two attainding [sic] correctional officers, who were present (C/O Kelly & C/O Carlson) on the night of July 25th 2010."

**RESPONSE TO INTERROGATORY NO. 6:**

Objections.  The interrogatory is argumentative and compound.  Without waiving said objections, Responding Party answers as follows: Not all of Plaintiff's conduct described in RVR log number C-10-07-075, "Circumstances" (at pages 1 and 2) was done on July 25, 2010, or in the presence of C/O Kelly and C/O Carlson or seen by both C/O Kelly and C/O Carlson.

3

1   **INTERROGATORY NO. 7:**

2      "If your response to Request for Admission No 3 SEt One, is anything other then [sic] an

3   unequivocal admission state all facts upon which your response is based."

4   **RESPONSE TO INTERROGATORY NO. 7:**

5      Objections.  Request for Admissions No. 3 is compound, and the phrase "solely on your

6   written accounts of alleged events" is vague and ambiguous.  Without waiving said objections,

7   Responding Part responds as follows: Plaintiff was temporarily placed in Ad Seg pending a

8   hearing on RVR log number C-10-07-075.

9   **INTERROGATORY NO. 8:**

10      "Are you aware of CDC Rules, Regulations and/or Policy which mandates the immediate

11  segergation [sic] of an inmate for threating [sic] staff in any manner"

12  **RESPONSE TO INTERROGATORY NO. 8:**

13      Objection.  The interrogatory is irrelevant and not calculated to lead to admissible

14  evidence.  The interrogatory assumes facts not in evidence that there are "CDC Rules,

15  Regulations and/or Policy which mandates the immediate segergation [sic] of an inmate for

16  threating [sic] staff in any manner."  Without waiving said objections, Responding Party answers

17  as follows: if such "CDC Rules, Regulations and/or Policy" existed on July 25, 2010, Defendant

18  was not aware of it.

19  **INTERROGATORY NO. 9:**

20      "Was it you direct intention to have plaintiff physically removed from the general inmate

21  population on the night of July 25th 2010"

22  **RESPONSE TO INTERROGATORY NO. 9:**

23      No.

24  **INTERROGATORY NO. 10:**

25      "If your response to Request for Admission No 4 SEt One, is anything other than an

26  unequivocal admission state all facts upon which your response is based."

27  / / /

28  / / /

**#41**

4

**RESPONSE TO INTERROGATORY NO. 10:**

Objections. Request for Admissions No. 4 is compound, and the phrase "disruptive, hostile, aggressive forms of behaviorism by plaintiff" is vague and ambiguous. The request is also irrelevant and not calculated to lead to admissible evidence. The request is argumentative, such that either an admission or denial would be an implicit admission that Defendant had a duty to "Record, Document, Log or Directly inform custody staff of any prior disruptive, hostile, aggressive forms of behaviorism by plaintiff, during Medication Line." Without waiving said objections, Responding Party answers as follows: the "Circumstances" listed RVR log number C-10-07-075 page 1 and 2 refer to Plaintiff's prior conduct. Plaintiff's prior conduct is also described in the Medical Administration Records (in Plaintiff's UHR) and CDCR 128 forms (in Plaintiff's C-file).

**INTERROGATORY NO. 11:**

"Where you directly aware that plaintiff was immediately removed from the general inmate population on the night of July 25th 2010"

**RESPONSE TO INTERROGATORY NO. 11:**

No.

**INTERROGATORY NO. 12:**

"Other than your recordings on plaintiff's Medication Administration record dated June 30th 2010, that plaintiff refused his medication have you "ever had to report" any disruptive behaviorism of plaintiff? If yes what addittional [sic] reports, logs, supplements or other written recordings have you made and passed on to custody staff or your supervisor for the medical department?"

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant is still investigating, but so far has found the Medical Administration Record of July 2010 and RVR log number C-10-07-075.

**INTERROGATORY NO. 13:**

"If your response to Request for Admission No 6 Set One, is anything other than an unequivocal admission state all facts upon which your response is based."

**#42**

5

1   **RESPONSE TO INTERROGATORY NO. 13:**

2        Objections.  Request for Admissions No. 6 is compound.  The phrases "Selective

3   Prosecution; Retaliation, Deliberate Indifference and Unprofessionalism" and "in turn" are vague

4   and ambiguous.  The request is argumentative, such that either an admission or denial would be

5   an implicit admission that: 1) "Plaintiff filed a prison grievance 602 against you on July 16th

6   2010 for Selective Prosecution; Retaliation, Deliberate Indifference and Unprofessionalism;" and

7   2) Plaintiff was immediately removed "from the general inmate population on July 25th 22010."

8   Without waiving said objections, Responding Party responds as follows: Defendant denies she

9   retaliated against Plaintiff for an inmate appeal.  On July 25, 2010, Defendant knew nothing about

10  Plaintiff's inmate appeal dated July 16, 2010, and Defendant submitted RVR log number C-10-

11  07-075 because Plaintiff threatened her.

12  **INTERROGATORY NO. 14:**

13       "Is'nt [sic] it true that plaintiff produced to you a previously filed and granted prison

14  grievence [sic] appeal, which afforded plaintiff the right to have his medication left in the original

15  protective container, intill [sic] delivery as well as the right to request you as the (L.V.N) the

16  container the medication comes in to identify that the correct medication is being administered."

17  **RESPONSE TO INTERROGATORY NO. 14:**

18       Objections.  The interrogatory is compound, vague and ambiguous and unintelligible.  The

19  interrogatory is not relevant to any party's claim or defense.  The interrogatory seeks information

20  that is irrelevant to the claims and defenses at issue in this action and is not likely to lead to the

21  discovery of admissible evidence.

22  **INTERROGATORY NO. 15:**

23       "What are the established "GUILDLINES [sic], RULES or PROCEDURE", that have

24  been implemented, in direct regards to the allowable amount of Overtime any one state employee

25  in the Medical Department at CSP Sacramento New Folsom Prison, can successfully work any

26  given particular Day, WEek or MOnth."

27  / / /

28  / / /

#43

**RESPONSE TO INTERROGATORY NO. 15:**

Objections. The interrogatory is not relevant to any party's claim or defense. The interrogatory seeks information that is irrelevant to the claims and defenses at issue in this action and is not likely to lead to the discovery of admissible evidence. The interrogatory is compound, vague and ambiguous and unintelligible.

**INTERROGATORY NO. 16:**

"How much of overtime (IN HOURS) have you actually worked "WITHIN EACH"of the following Months June, JUly, and August 2010"

**RESPONSE TO INTERROGATORY NO. 16:**

Objections. The interrogatory is not relevant to any party's claim or defense. The interrogatory seeks information that is irrelevant to the claims and defenses at issue in this action and is not likely to lead to the discovery of admissible evidence. The interrogatory is compound, vague and ambiguous and unintelligible.

**INTERROGATORY NO. 17:**

"According to you written RVR against plaintiff you reported that you are extremely fearful of plaintiff and you personal safety if required to work around plaintiff who will attempt to harm you is this true and correct, if so what do you base this assumption on"

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. The interrogatory is argumentative. Without waving said objection Responding Party answers: Defendant's fear of Plaintiff is not an "assumption." Plaintiff's conduct that caused this fear is set forth in RVR log number C-10-07-075, which is in Plaintiff's possession.

**INTERROGATORY NO. 18:**

"Is'nt [sic] it true that you actually placed a job change in to the appropriate authoritys [sic] to be reassigned to the very housing unit in which plaintiff was relocated too (B-Facility Ad/Seg.)"

/ / /

/ / /



**RESPONSE TO INTERROGATORY NO. 18:**

Objection.  The interrogatory is not relevant to any party's claim or defense.  The interrogatory seeks information that is irrelevant to the claims and defenses at issue in this action and is not likely to lead to the discovery of admissible evidence.  Without waiving said objections Responding Party answers:  Defendant requested to work in B-Facility, not knowing that Plaintiff was housed there.

**INTERROGATORY NO. 19:**

"Explain why you would now work in the presence of plaintiff "AFTER" such stressed statements of REFUSING TO WORK IN PLAINTIFF'S PRESENCE", what changed."

**RESPONSE TO INTERROGATORY NO. 19:**

Objection.  The interrogatory is irrelevant and not calculated to lead to admissible evidence.  The interrogatory seeks information that is irrelevant to the claims and defenses at issue in this action and is not likely to lead to the discovery of admissible evidence.   Without waiving said objections Responding Party answers: Defendant requested to work in B-Facility, not knowing that Plaintiff was housed there.

Dated:  April 30, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General

WILLIAM J. DOUGLAS
Deputy Attorney General
*Attorneys for Defendant Roberts-Sweeny*

SA2011303825
31441175.doc

**#45**

8

1

**VERIFICATION**

2          I declare under penalty of perjury that I have reviewed the attached responses to

3    Plaintiff's Interrogatories and that the responses are true.

4          Executed this ___ day of April, 2012, at Susanville, California.

5

6                          **Verification to Follow**
                              DEFENDANT ROBERTS-SWEENY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                      

28

9

1    ### DECLARATION OF SERVICE BY U.S. MAIL

2    Case Name:   **Keith R. Bridgewater v. Debra Sweeney**
     No.:         **2:11-cv-01216-CMK**
3

4    I declare:

5    I am employed in the Office of the Attorney General, which is the office of a member of the
     California State Bar, at which member's direction this service is made.  I am 18 years of age or
6    older and not a party to this matter.  I am familiar with the business practice at the Office of the
     Attorney General for collection and processing of correspondence for mailing with the United
7    States Postal Service.  In accordance with that practice, correspondence placed in the internal
     mail collection system at the Office of the Attorney General is deposited with the United States
8    Postal Service with postage thereon fully prepaid that same day in the ordinary course of
     business.
9

10   On **April 30, 2012**, I served the attached:

11   • **DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE**

12   by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system
     at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento,
13   CA 94244-2550, addressed as follows:

14   Keith Ruben Bridgewater, H-00108
     California State Prison
15   P.O. Box 290066
     Represa, CA 95671-0066
16   *In Pro Per*

17   I declare under penalty of perjury under the laws of the State of California the foregoing is true
     and correct and that this declaration was executed on **April 30, 2012**, at Sacramento, California.
18

19          **D. Jones**                                    _D. Jones_
            Declarant                                        Signature
20

21   SA2011303825
     31447468.doc
22

23

24

25

26

27                                                                      #47

28

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   MONICA N. ANDERSON, State Bar No. 182970
    Supervising Deputy Attorney General
3   WILLIAM J. DOUGLAS, State Bar No. 125079
    Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 327-5596
6    Fax: (916) 324-5205
     E-mail: William.Douglas@doj.ca.gov
7   *Attorneys for Defendant Roberts-Sweeny*

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                            SACRAMENTO DIVISION

11

12   **KEITH R. BRIDGEWATER,**                     Case No. 2:11-cv-01216-CMK

13                                  Plaintiff,      **DEFENDANT'S RESPONSE TO
                                                    PLAINTIFF'S REQUEST FOR
14               v.                                 PRODUCTION OF DOCUMENTS, SET ONE**

15   **DEBRA SWEENY,**

16                                 Defendant.

17

18   **PROPOUNDING PARTY:        KEITH R. BRIDGEWATER**

19   **RESPONDING PARTY:         DEFENDANT ROBERTS-SWEENY**

20   **SET NUMBER:               ONE**

21   **REQUEST FOR PRODUCTION NO. 1:**

22          "Produce an Unredacted/Unedited copy of your employement [sic] Time Card, which

23   clearly stipulates the amount of actual hours you've worked during the particular months of

24   April,May,JUne,July, August and September 2010."

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

26          Objection.  The request is not relevant to any party's claim or defense.  The request seeks

27   documents or information irrelevant to the claims and defenses at issue in this action and not

28   likely to lead to the discovery of admissible evidence.  Documents showing the amount of hours

                                            1

1   Defendant worked are protected by the privacy privilege.  The request seeks disclosure of

2   confidential information that: 1) may threaten the security of the California Department of

3   Corrections and Rehabilitation and the safety of its staff and inmates; 2) Plaintiff cannot possess

4   this information, as it is confidential under California Code of Regulations Title 15, §§ 3321,

5   3450(d) and not subject to disclosure under California Government Code §6254(c) and (f), and

6   protected by other individuals' privacy rights, whose rights Responding Party is without authority

7   to waive.

8   **REQUEST FOR PRODUCTION NO. 2:**

9       "Produce copies of prison Rules,Regulations, or Policy concerning the mandated hours

10  that are not to be exceeded by any employee working over-time hours after they regular shift has

11  been dully [sic] completed."

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

13      Objection.  The request is not relevant to any party's claim or defense.  The request seeks

14  documents or information irrelevant to the claims and defenses at issue in this action and not

15  likely to lead to the discovery of admissible evidence.  The requested category is overbroad as to

16  time and scope.  The request seeks disclosure of confidential information that: 1) may threaten the

17  security of the California Department of Corrections and Rehabilitation and the safety of its staff

18  and inmates; 2) Plaintiff cannot possess this information, as it is confidential under California

19  Code of Regulations Title 15, §§ 3321, 3450(d) and not subject to disclosure under California

20  Government Code §6254(c) and (f), and protected by other individuals' privacy rights, whose

21  rights Responding Party is without authority to waive.

22  **REQUEST FOR PRODUCTION NO. 3:**

23      "Produce any and all CDCR documentations, that you've written and submitted, to prison

24  aurthoritys [sic], in direct regards to any progressive Disruptive,Hostile,Aggressive or

25  Threatening behaviorism by plaintiff Keith Bridgewater #H00108, to support your claims that

26  plaintiff has become and did pose an Physical Threat to you."

27  ///

28  ///

#49

2

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2       Objection. The documents are contained in Plaintiff's central file ("C-file") and Unified

3   Health Records (UHR) which are already in Plaintiff's possession or control, or are equally

4   available to Plaintiff and the cost of reproducing it is the same for either party.

5   **REQUEST FOR PRODUCTION NO. 4:**

6       "Produce Unredacted/Unedited copy of any and all previously filed CDC 602 Appeal

7   Grievence [sic] complaints filed against you as Liecence [sic] Vocational Nurse (L.V.N), while

8   employed at CSP-Sacramento New Folsom Prison."

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10       Objection. The request is not relevant to any party's claim or defense. The request seeks

11   documents or information irrelevant to the claims and defenses at issue in this action and not

12   likely to lead to the discovery of admissible evidence. The requested category is overbroad as to

13   time and scope. The request seeks disclosure of confidential information that: 1) may threaten the

14   security of the California Department of Corrections and Rehabilitation and the safety of its staff

15   and inmates; 2) Plaintiff cannot possess this information, as it is confidential under California

16   Code of Regulations Title 15, §§ 3321, 3450(d) and not subject to disclosure under California

17   Government Code §6254(c) and (f), and protected by other individuals' privacy rights, whose

18   rights Responding Party is without authority to waive.

19   **REQUEST FOR PRODUCTION NO. 5:**

20       "Produce an Unredacted/Unedited copy ofHealth Care Service Medication Management

21   General Administration and Method of Delivery of all medication, that support your claims that

22   medication is'nt [sic] required to be left in it's [sic] original protective container intill [sic delivery

23   to prevent contamination and would contridict [sic] petitioner's previously "GRANTED

24   APPEAL", stipulating other-wise [sic]."

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

26       Objection. The request is not relevant to any party's claim or defense. The request seeks

27   documents or information irrelevant to the claims and defenses at issue in this action and not

28   likely to lead to the discovery of admissible evidence. The request seeks disclosure of

3

1   confidential information that: 1) may threaten the security of the California Department of

2   Corrections and Rehabilitation and the safety of its staff and inmates; 2) Plaintiff cannot possess

3   this information, as it is confidential under California Code of Regulations Title 15, §§ 3321,

4   3450(d) and not subject to disclosure under California Government Code §6254(c) and (f), and

5   protected by other individuals' privacy rights, whose rights Responding Party is without authority

6   to waive.

7   **REQUEST FOR PRODUCTION NO. 6:**

8        "Copies of any and all DOCUMENTS, other than those described in request #1 through

9   #5 which mention or discuss guildlines [sic] for over-time hours being worked and medication

10  distribution protocal [sic].

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

12       Objection.  The request is not relevant to any party's claim or defense.  The request seeks

13  documents or information irrelevant to the claims and defenses at issue in this action and not

14  likely to lead to the discovery of admissible evidence.  The category of documents is not

15  described with reasonable particularity.  Fed. R. Civ. P. 34(b)(1)(A).  The request for documents

16  "which mention or discuss guildlines [sic] for over-time hours being worked and medication

17  distribution protocol" is unintelligible, vague and overbroad as to time and scope.  The request

18

19

20

21

22

23

24

25

26  / / /

27  / / /

28  / / /

4



Defendant's Response to Plaintiff's Request for Production of Documents, Set One  (2:11-cv-01216-CMK)

1  seeks disclosure of confidential information that: 1) may threaten the security of the California

2  Department of Corrections and Rehabilitation and the safety of its staff and inmates; 2) Plaintiff

3  cannot possess this information, as it is confidential under California Code of Regulations Title

4  15, §§ 3321, 3450(d) and not subject to disclosure under California Government Code §6254(c)

5  and (f), and protected by other individuals' privacy rights, whose rights Responding Party is

6  without authority to waive.

7  Dated:  April 30, 2012                    Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
MONICA N. ANDERSON
Supervising Deputy Attorney General

WILLIAM J. DOUGLAS
Deputy Attorney General
*Attorneys for Defendant Roberts-Sweeny*

13  SA2011303825
31441466.doc

**#52**

1

## DECLARATION OF SERVICE BY U.S. MAIL

2

Case Name:   **Keith R. Bridgewater v. Debra Sweeney**
No.:         **2:11-cv-01216-CMK**

3

4

I declare:

5

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or

6

older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United

7

States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States

8

Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

9

10

On **April 30, 2012**, I served the attached:

11

● **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

12

13

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento,

14

CA 94244-2550, addressed as follows:

15

Keith Ruben Bridgewater, H-00108
California State Prison, Sacramento

16

P.O. Box 290066
Represa, CA 95671-0066

17

*In Pro Per*

18

I declare under penalty of perjury under the laws of the State of California the foregoing is true

19

and correct and that this declaration was executed on **April 30, 2012**, at Sacramento, California.

20

        **D. Jones**                          *D. Jones*
        Declarant                              Signature

21

22

SA2011303825

23

31447415.doc

24

25

26

27

**#53**

28

Defendant's Response to Plaintiff's ~~Request for~~ Production of Documents, Set One  (2:11-cv-01216-CMK)

# EXHIBIT COVER PAGE

"H"

EXHIBIT

Description of this Exhibit: Plaintiff's 2nd set of discovery
request to be more concise and
clear as to avoid being Inadequate,
Vague or Ambigious in nature

Number of pages to this Exhibit: _____ 12 _____ pages.

JURISDICTION: (Check only one)

|  | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#54

1  Keith R Bridgewater #H00108
   CSP Sacramento New Folsom Prison (C-6-106)
2  Post Office Box 290066
   Represa,California (95671)
3              (IN PRO PER)

4

5              United States District Court
             For The Eastern District of California

6

7  Keith R Bridgewater,          CASE # 2:11-CV-1216 CMK (P)
              (PLAINTIFF)
8  VS                           "PLAINTIFF'S SECOND SET OF
   Debra Sweeny,et al            INTERROGATORIES FOR
9              (DEFENDANT)        (L.V.N D.Sweeny)Defendant

10

11

12  PROPOUNDING PARTY: Keith R Bridgewater

13  RESPONDING PARTY : Debra Sweeny (Licensed Vocational Nurse)

14  SET NUMBER (2) TWO

15

16    Under Federal Rules of Civil Procedure(FRCP),Rule 33,Plaintiff

17  Keith R Bridgewater demands (L.V.N) Debra Sweeny,respond to the

18  following Interrogatories.Such responses must be based upon all

19  Non-priviledged information available to the responding party,their

20  Agents,Employees,Attorneys,and all other action on their behalf.

21    Response to each interrogatory must be subscribed under oath by

22  all party herin served within (30) Days,after service of this

23  request pursuant to FRCP rule 33,as used in these interrogatories

24  the term YOU.YOUR,YOURS,shall be interpted to mean defendant,

25  Employees,Attorney and other persons acting or purporting to act

26  on their behalf.

27    As used in this interrogatories,the term PERSON,PERSONS,means

28  and including actual persons,public or private coroperation,sole

**#55**

INTERROGATORY NO.1

Were you working as an Liecence Vocational Nurse (L.V.N Hereout) during the Month of July 25th 2010?

INTERROGATORY NO.2

Have you ever had to write a CDC 115 Rules Violation Report (R.V.R Hereout) against any other inmate,then plaintiff for "THREATS AGAINST YOU",while employed by the CDC.

INTERROGATORY NO.3

In accordence with California Code of Regulations Title 15 (Title 15 HEREOUT) Section §3312 (Disciplainary Methods) DID you attempt any of the listed methods,prior to reporting plaintiff's alledged Threatening Behaviorism towards you on the night of July 25th 2010?

INTERROGARY NO.4

Due to the various misconduct,described in your R.V.R,What portion of said report,written by you actually occured on the night of July 25th 2010.

INTERROGATORY NO5

Did you report plaintiff's alledge actions (THREATS MADE TO YOU) on July 25th 2010,to custody staff (I.E.Lieutentant Baker)?

INTERROGATORY NO.6

Were you assigned to C-Facility clinic on the night of July 25th 2010 (3rd Watch)?

INTERROGATORY NO.7

Did you conduct a CDC 7219 Medical Report on plaintiff,clearing plaintiff to be relocated to Administrative Segergation Unit as required to do so by CDC policy on JUly 25th 2010?

INTERROGATORY NO.8

During your employement as a L.V.N, at CSP Sacramento New Folsom were you required to fimilarize yourself with the rules outlined in C.C.R. Title 15 §3335 (Administration Segergation)concering inmates?

INTERROGATORY NO.9

Other then a record of plaintiff's Medication Administration record simply indicating plaintiff's refusal of medication,have you documented any other progressive negative behavior by plaintiff during medication pill line?.

**#56**

(3)

**INTERROGATORTY NO.9O**

Were you ever interveiwed by Nursing Supervisor L.Ybanez,in regards to plaintiff's greievence CDC 602 against you (LOG # Sac--10-10-11811) Dated JUly 16th 2010,which is apart of the Civil Complaintiff filed against you?.

**INTERROGATORY NO.1O**

Is it your intention to have plaintiff beleive,that you were not aware of CDC Rules,Regulations or Policy dealing with Inmates Threating staff members and the consequences therof?.

**INTERROGATORY NO 12**

In plaintiff's greievence filed against you (LOG # Sac-10-10-11811) dated July 16th 2010,addressing the abrise of overtime worked by you,were those Hours (OVERTIME) in accordence with State Civil Service Rules?

**INTERROGATORY NO.13**

Does the CDC (New Folsom) have a Mandated Rule/Policy that requires Correctional Officers to escort NUrsing Staff,During medication distrubution to ensure there (Nurse's) SAFTEY.

**INTERROGATORY NO 14**

Were you escorted by Correctional Officers on the night of July 25th 2010,during medication distrution?.

**INTERROGATORY NO 15**

Under the penalty of purjury,is the written contents of your (RVR) against plaintiff on the night of July 25th 2010 **"UNEQUIVOCALLY TRUE"?**.

**INTERROGATORY NO 16**

In accordence with your written (RVR)Dated JUly 25th 2010 inwhich you stated that Plaintiff Lurched himself forward towards you in a jerky motion and invaded your personal space,were these actions observed by the escorting Correctional Officers?.

**INTERROGATORY NO.17**

On the night of July 25th 2010 while employed as. an L.V.N were you acting in accordence with C.C.R Title 15 §3430?.

**INTERROGATORY NO18**

Would C.C.R Title 15 §3270 Article 2,made you aware of the primary objective to the frame work of security and saftey concerns dealing with Staff and Inmates?.

**INTERROGATORY NO.19**

When did you become aware,that plaintiff was being removed from
the General Inmate Population and rehoused in Administrative
Segergation,based solely on your reporting of plaintiff for
"THREATS" made to you on the night of July 25th 2010?

**INTERROGATORY NO 20**

Have plaintiff Lied,Falisfied documents or Misled any of his claims
against you in regards to the Civil Complaint filed against you?.

DATED: **MAY 18th 2012**

/s/ _Keith R. Bridgewater_

(5)

#58

1  Keith R Bridgewater #H00108
2  CSP Sacramento (New Folsom)(C-6-106)
   Post Office Box 290066
3  Represa,California (95671)
4            (IN PRO PER)

5

6

7          THE UNITED STATES DISTRICT COURT
8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9
                              CASE # <u>2:11-CV-1216 CMK (P)</u>
10  Keith R Bridgewater,
         (Plaintiff)
11  VS                          "PLAINTIFF'S "SECOND SET"
                                REQUEST FOR ADMISSION
12  Debra Sweeny,et,al          FOR (L.V.N D.Sweeny)
         (Defendants)
13  _____

14

15

16  PROPOUNDING PARTY: Keith R Bridgewater
    RESPONDING PARTY:  Debra Sweeny (Licensed Vocational Nurse)
17  SET NUMBER: (2) TWO.

18

19   Plaintiff Keith R Bridgewater,hereby request defendant D.Sweeny
20  respond to the following request for Admissions,pursuant to Rule 36
    of the Federal Rules of Civil Procedure.
21           Please take notice that failure to respond in the time
    permitted by law,will have the effect of admitting the matter to
22  which an Answer/Admission is sough,also take note the rule 37(c)
    of the Federal Civil state's
23           ""expenses on failure to admit,if party
         fails to admit the genuiness of any documents
24       or the truth of any matter as required under rule
         36,and if the party requesting the admission,there-
25       after proves the genuiness of the Document of the truth
         of the matter,the requesting party may apply to the court
26       for an order requesting the other party to pay the reasonable
         expenses incurred in making that proof.
27

28                              (1)

**#1 ADMIT OR DENY**

That on the night of July 25th 2010 Plaintiff Physically Threaten-
ed you?

**#2 ADMIT OR DENY**

On July 25th 2010 you personally reported plaintiff Threatening
behavior towards you to Correctional Lieutenant Baker of C-Facilty

**#3 ADMIT OR DENY**

That CDC Rules,Regulation and Policy mandates under C.C.R Title 15
§3335,that any inmate who is considered a threat to the safety of
the institution "SHALL" immediately be removed from the inmate
population as rules,regulations and policy warrants?.

**#4 ADMIT OR DENY**

Your reporting of plaintiff to custody staff on the night of July
25th 2010 (THREATS TOWARDS YOU),resulted in plaintiff being immedi-
ately removed from the inmate popoulation.

**#5 ADMIT OR DENY**

On the night of July 25th 2010,you were assigned to the C-Facility
Clinic and was required to conduct a CDC 7219 Medical Report,
clearing plaintiff to be sent to Administrative Segergation Unit

**#6 ADMIT OR DENY**

You have a responsisbilty to report,log,document any "Progressive
disruptive behavior by plaintiff,such as any potential Threats?.

**#7 ADMIT OR DENY**

There were (2) Correctional Officers on either side of you at
the time plaintiff alledgely threatened you on the night of July
25th 2010?.

**#8 ADMIT OR DENY**

The RVR written by you dated July 25th 2010 against plaintiff was
Dismissed in the Interest of Justice.

**#9 ADMIT OR DENY**

Prior to plaintiff's alledge threats against you,Plaintiff filed
a Grievence against you for the abruse of overtime worked by you
as incorporated in this Civil Complaintiagainst you.

**#60**

**#10 ADMIT OR DENY**

Overtime inwhich plaintiff claimed worked by you,were in accordance
with State Civil Service Rules

1  #11 ADMIT OR DENY

2  Theirs "NO"documented LOgs,Reports,Refferences or any other written

3  account of plaintiff's alledged progressive disruptive and aggre-
   ssive behavior towards you as reported by you in your CDC 115 (RVR)

4  Log # Sac-10-07-075 dated July 25th 2010?.

5  #12 ADMIT OR DENY

6  You have a Responsibility as an Peace Officer,to familirize yourself
   with CDC Rules,Regulations and Policies,concerning Inmate Disciplain

7  #13 ADMIT OR DENY

8  You were aware of the actions,that would be taken against plaintiff

9  once you reported Threatening Behaviorism of plaintiff to Correcti-
   onal LIeutenant Baker on the night of July 25th 2010?

10 #14 ADMIT OR DENY

11 That if the RVR LOg#Sac-c-10-10-075 written by you against plaintiff

12 is proven to be false,them you've committed perjury under California
   State Law?

13 #15 ADMIT OR DENY

14 That your version of events that took place between you and the

15 plaintiff has been Rejected as truth by all prison Aurthories in
   it's entirity?.

16

17

18 DATED_MAY 1Uth 2012                    /S/_Keith Bridgewater___

19     Keith Bridgewater

20

21

22

23

24

25

26                                                    #61

27

28

(3)

1   Keith R Bridgewater #H00108
    CSP Sacramento New Folson Prison (C-6-106)
2   Post Office Box 290066
    Represa,California (95671)
3            (IN PRO PER)

4

5            United States District Court
          For the Eastern District of California
6

7   Keith R Bridgewater,          CASE #2:11-CV-1216 CMK (P)
            (PLAINTIFF)
8   VS                            "PLAINTIFF'S SECOND SET OF
                                  REQUEST FOR PRODUCTION OF
9   Debra Sweeny,et,al            DOCUMENTATIONS" FOR(L.V.N)
            (DEFENDANT)           DEBRA SWENY DEFENDANT
10  --

11

12  PROPOUNDING PARTY :Keith R Bridgewater

13  RESPONDING PARTY: Debra Sweeny (Licensed Vocational Nurse)

14  SET NUMBER: (2) TWO

15

16      Under Federal Rules of Civil Procedure (F.R.C.P) rule 34,

17  Plaintiff hereby demands,that defendant produce the documentations

18  described herein.

19      Please take notice that under F.R.C.P Rule 34,Defendant is

20  required to  serve on plaintiff within (30) Days after service of

21  this requested,a written response to this request,subscribed by you

22  Agents,Employees,Attorney or any other person acting on purporting

23  to act on their behalf,under oath,together with each and every

24  Document,Paper,both sides therein,Letters,Objects or other Tangible

25  things,which fall within the Categories described herein,which a

26  your possession,Custody or Control.

27      Such material are to be produced to Keith R Bridgewater #H00108

28  Post Office Box 290066 Represa,California (95671) In legible

**#62**

1   photocopies of front and back of each such document that will be

2   officially produced,in lieu of personal production of the original

3   provide such photocopies to the address provided for the plaintiff.

4     It's not plaintiff's intention to request production of privil-

5   edged matters.If any material requested are claimed to be privil-

6   edged,please list a detailed description and account as to why the

7   material is priviledged.

8     The documents and/or tangible things for which inspection is

9   demanded are believed to be currently in the possession of said

10  party,not priviledged,are relevant to the subject matter of this

11  action and are reasonably calculated to lead to the discovery of

12  admissible evidence.

13                  **"DEFINTIONS"**

14  (1) The term <u>DUCUMENT(S)</u>,shall include,without limitation,all

15  Written,Printed,Typed,Recorded,Magnetic,Punched copies,Graphics or

16  other tangile things in ,upon or from which information may be

17  embodied,translated,conveyed,or stored,including,without liminatation

18  Letters,Memorandums,Pleadings,Notices,Records,Books,Papaers,Tele-

19  grams,Telex,Dictations,or other Audio tapes,Videos,Computers Disc,

20  Computer Tapes,Computer print outs,work sheet,Diaries,Calenders

21  Daily Logs.

22  (2) The term <u>RELATING TO</u>,any given subject as used herein means in

23  whole or in part constituting,containing,embodying,reflections,

24  identifying,stating,referring to,evidencing or in any other way

25  being relevant to that given subject.

26   (3) <u>PLAINTIFF</u> refers to Keith R Bridgewater

27  (4) <u>INCIDENT</u>,refers to the factual events,which are the subject of

28   this action as described in plaintiff's complaint

**#63**

1  (5) POLICY refers to any official procedure or accepted mode pf

2  performance as set forth in any manual,book,guildline,momorandum,

3  reports,document or letter or any standard,which has become an

4  acceptable and official modes of procedure through use,repetition

5  or oral communicatuion.

6  (6) CUSTUM refers to a persistent,widespread practice though not

7  authorized by officially adopted policies,is so common and well

8  settled as to constute as mode of behavior,that fairly represent

9  policy.

10 (7) IDENTIFY,when refering to a natural person,means the name,

11 address,telephone number,place of employement and posisition

12 within said employement.

13 (8) IDENTIFICATION,when referring to a document or other tangible

14 things,means the name and/or any other identifying characteristic

15 date,signature on the document and includes where document can be

16 located.

17 (9) PERSON refers to but not limited too Individual,civilian,

18 officer,Natual person,firm,association ,organization,partnership,

19 business,trust corporation or public entity

20 (10) ADDRESS,means the street address,including the city,state

21 and zip-code.

22 (11) The term YOU,YOURS OR ANY PERSON,includes,but not limited to

23 the Attorney,Agents,Employees,Servants and REpresentations or

24 Investigators of CSP SACRAMENTO NEW FOLSOM PRISON

25 (12) COMPLAINT include judicial adminstrative,internal complaint

26 dissatisfactions,grienences,charges,criticism,objections,protest

27 and dislikes.

28 ///

### "IMPORTANT"

Please take notice, that this request for documents is for the "UNREDACTED/UNEDITED DOCUMENTS", and failure to produce these unredacted/unedited documents will be deemed as a failure to comply with discovery  request and plaintiff will move for an order compelling this request and seek cost for bring this motion.

#### DOCUMENTATION #1.

Produce any written documentation, where plaintiff was reported as being either Aggressive, Disruptive, Hostle or any other forms of Misbehavior by plaiontiff as written in your CDC RVR Log #SAC-c-10-10-075 which lead to plaintiff being punished.

#### DOCUMENTATION #2

Produce any and all NON-CONFIDENTIAL Rules, which states allowable amounts of overtime Hours that a L.V.N are approved to work by the Warden of CSP SAC, based upon the alledgations made by plaintiff in prison greievence filed against defendant within the civil complaint filed .

#### DOCUMENTATION #3

Produce copies of **non-CONFIDENTIAL** portions of defendants Timekeeping logs maintained by the CDC, for the months of June and July 2010 which has a direct relations with plaintiff's claims within complaint apart of the civil complaint filed.

#### DOCUMENTATION #4

Produce any and all NON-CONFIDENTIAL DOCUMENTS, that defendant will use to support it's posistion at Trail in this matter pending.


DATED: MAY 14th 2012                    /S/ _Kieth Bridgewater_

                    x Keith Bridgewater

#65

( )

## VERIFICATION

(C.C.P §§ 446, 2015.5; . 28 U.S.C § 1746)

I, ___**Keith R Bridgewater**___, declare under the penalty of perjury that:

I am the ___**Plaintiff/Prisoner**___ in the attached matter; I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this **10th** day of _____**May**_____, _____**2012**_____, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_

Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, __Keith R Bridgewater__, declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years; I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066; I served the attached document(s) entitled:

# PLAINTIFF'S SECOND SET OF DISCOVERIES

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

```
Department of Justice
Attorney General'S Office
1300 "I" Street Suite 125
Sacramento,California (94244-2550)
ATTN: William J Douglas
```

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this **10th** day of ___**May**___, ___**2012**___, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _Keith Bridgewater_

Declarant

**#66**

# EXHIBIT COVER PAGE

-"I"

**EXHIBIT**

Description of this Exhibit: Plaintiffs **"GOOD-FAITH"** letter to
defendant to resolve dispute
concerning discovery response by
defendant.

Number of pages to this Exhibit: _____3_____ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#67

Keith R Bridgewater #H-00108
CSP-Sacramento (C-8-125U)
Post Office Box 290066
Represa,California (95671)

William J Douglas
Attorney General's Office
1300 "I" Street,Suite 125
Post Office Box 944255
Sacrameto,California (94244-2550)

RE:Attempt to resolve
Disputes concernnibg
Response(s)provided to
Discoveries made by Me

Mr Douglas,

I'm formulating this syntax to you,with the intentions of resolving a Dispute inwhich I currently have with you in regards,to the responses,you've provided on April 30th 2012.You provided responses to my discovery request which are or have been deemed to be **"EVAS-IVE AND/OR INCOMPLETE DISCLOSURES"**,which as your aware of under FEderal Rules of Civil Procedures 37(3),which points out that any Evasive or incomplete disclosures are treated as a failure to disclose,answer or respond.

Mr DOuglas you used as a mean to evade,the wording **"VAGUE"**, **"AMBIGUOUS"** and/or **"COMPOUNDED"** questions by me with the following Numbered question(s) of Interrogatory (1,2,3,4,5,6,7,10,13,14,15 and 16) of the (19)NIneteen questions,posed.Ive submitted a (2nd) set of Discoveries to you on May 5th 2012,to be more Clear and Concise,which will allow you to answer in an more direct manner and not be so discombobulated as to my meaning or intent.

In addittion,you've once again redundantly relied on the word-ing **"VAGUE"**,**"AMBIGUOUS"** and/or **"COMPOUNDED"** to the the following Numbered questions posed to you within my Request for Admissions Numbered (1,2,3,4,5,6,7,11,12,13,and 14) of the (14)Fourteen posed To reiterate,I've submitted an second set of request for admission to clarify and put forth clear and concise questions to you,which will allow you to respond approperiately.

In closing,Mr Douglas you have blantantly refused to provide **(ANY OF MY REQUEST,FOR PRODUCTION OF DOCUMENTATION)**,inwhich were to be made refferenced to at trail,those questions or request were as numbered (1,2,3,4,5,and 6) WITHOUT any legal Justification

#68

1   or written cause,other then the request is a Threat to the saftey
2   of the Institution.I humbly beg the differ.A state employee's
    Time Card for example has no attached secuity applications to it,
3   or critcal case factors,other then the Name of the employee his/her
4   state I.D # and How many hours are or have been worked,during any
5   given Day,Week or Month,so how is this a Threat to the safetey of
    the Institution?.
6   I'm hoping we  could come to someform of terms that will allow
7   us to resolve our differences.So in "GOOD-FAITH",im conferring
8   with you,prior to the established cutt-off date of JUne 29th 2012
9   inwhich to file a Motion to Compell and have the courts interven
    in our matter,to resolve our differences,prior to setting a desired
10  court date for Trail.I humbly await a timely response to this letter
11  of "GOOD-FAITH".

15  DATED: May 31st 2012              Respectfully Submitted
16                                    /S/ ҉҉҉҉҉- Keith Bridgewater
17                                    Keith R Bridgewater #H00108
                                      CSP Sacramento (C-8-125U)
                                      Post Office Box 290066
18                                    Represa,California (95671)

#69

## VERIFICATION

(C.C.P. §§ 446, 2015.5;  28 U.S.C. § 1746)

I, __Keith R Bridgewater__ , declare under the penalty of perjury that:

I am the __Plaintiff/Prisoner__ in the attached matter;  I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this __31st__ day of __May__ , __2012__ , at California State Prison/Sacramento, Represa, California 95671.

(Signature) _____

Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, __Keith R Bridgewater__ , declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066;  I served the attached document(s) entitled:

        LETTER TO WILLIAM J DOUGLAS
        ATTORNEY FOR DEFENDANT Debra Sweeny
        TO RESOVLE IN GOOD FAITH DISPUTES
        IN RESPONSE TO DISCOVERY REQUEST
        DATED April 30th 2012
On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

        Attorney General's Office
        1300 "l" Street,Suite 125
        Post Office Box 944255
        Sacramento,Calif (94244-2550)
          ATTN:William J Douglas

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this __31st__ day of __May__ , __2012__ , at California State Prison/Sacramento, Represa, California 95671.

#70

(Signature) _____

Declarant

# EXHIBIT COVER PAGE

<div style="border:1px solid">

**"J"**

</div>

EXHIBIT

Description of this Exhibit: `Defendants opposistion motion to plaintiffs request for extention of time to the discovery phase.`

Number of pages to this Exhibit: ___10___ pages.

JURISDICTION:   (Check only one)

| | |
|---|---|
| ☐ | Municipal Court |
| ☐ | Superior Court |
| ☐ | Applellate Court |
| ☐ | State Supreme Court |
| XXX | United States District Court |
| ☐ | State Circuit Court |
| ☐ | United States Supreme Court |
| ☐ | Grand Jury |

#7

1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  MONICA N. ANDERSON, State Bar No. 182970
   Supervising Deputy Attorney General
3  WILLIAM J. DOUGLAS, State Bar No. 125079
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 327-5596
6    Fax:  (916) 324-5205
     E-mail:  William.Douglas@doj.ca.gov
7  *Attorneys for Defendant Sweeny*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11
   | | |
   |---|---|
   | **KEITH R. BRIDGEWATER,** | Case No. 2:11-cv-01216-CMK |
12 | | |
   | Plaintiff, | **DEFENDANTS' OPPOSITION TO** |
13 | | **PLAINTIFF'S MOTION TO EXTEND** |
   | | **DISCOVERY CUT-OFF** |
14 | v. | |
15 | **DEBRA SWEENY,** | |
16 | Defendant, | |
17

18

19                        **INTRODUCTION**

20        Bridgewater, a state prisoner, sues Licensed Vocational Nurse Sweeney alleging that she

21  falsely accused Bridgewater of threatening her in retaliation for his filing an inmate appeal.

22  Under the scheduling order, discovery closes May 25, 2012. (ECF No. 14.) Bridgewater seeks a

23  sixty-day extension to serve a second set of discovery on Sweeney. He also seeks an unspecified

24  additional time to bring a motion to compel on his prospective second set of discovery. The

25  stated reason for the motion is that Bridgewater is dissatisfied with Sweeney's responses to the

26  first set of discovery. But if Bridgewater is dissatisfied with Sweeney's responses, his recourse is

27  to bring a motion to compel, not serve a second set of discovery. Under the amended scheduling

28  ///

#72

                                    1

1  order, Bridgewater has until June 29, 2012, to bring a motion to compel.  The motion should be

2  denied because Bridgewater has not shown good cause to extend the discovery cut-off.

3                           **PROCEDURAL HISTORY**

4          On January 12, 2012, the Court issued its scheduling order setting May 25, 2012, as the

5  discovery cut-off. (ECF No. 14.) Motions to compel can be made until sixty days after the

6  discovery cut-off. (*Id.*) All dispositive motions shall be filed within 90 days after the discovery

7  cut-off.  (*Id.*)

8          On March 27, 2012, Defendant's Counsel received a letter from Bridgewater stating that

9  Bridgewater intended to bring a motion to compel responses to discovery. (Counsel Decl. ¶ 2.)

10  Attached to the letter are requests for admissions, interrogatories, and requests for production of

11  documents that Bridgewater claimed were served on January 22, 2012.  (*Id.*)

12          Counsel had not received Bridgewater's discovery requests until March 27, 2012. (Counsel

13  Decl. ¶ 2.)  This is because Bridgewater did not properly serve the discovery.  Bridgewater's

14  proof of service shows that the requests were mailed to "Deputy Attorney General" and did not

15  include Counsel's name, even though Bridgewater had notice of Counsel's appearance. (ECF No.

16  20 at 26.)

17          On March 27, 2012, the day he received Bridgewater's letter, Counsel wrote to Bridgewater

18  offering to respond to the discovery in thirty days:

19          On March 27, 2012, I received your letter of March 15, 2012, stating that
            you intend to bring a motion to compel responses to discovery.  Attached
20          to the letter are requests for admissions, interrogatories, and requests for
            production of documents that you say were served on January 22, 2012.
21
            None of these discovery requests were received by me previously.  Your
22          proof of service shows that the requests were mailed to "Deputy Attorney
            General" and did not include my name.  This may be why I did not
23          receive them.  On all future correspondence you must include my name.

24          I will respond to the discovery requests received on March 27, 2012,
            within 45 days of March 15, 2012, the day your letter was mailed.  Thus,
25          you may expect responses to be served on or before April 30, 2012,
            which is well before the date discovery closes.
26

27  (ECF No. 20 at 38.)

28  / / /

                                    2

1     On March 30, 20012, Bridgewater and Counsel had a telephone conference and it was

2    agreed that:

3        1.  Sweeney will serve Bridgewater with responses to the Discovery Request on or

4            before April 30, 2012.  Sweeney reserved the right to assert all applicable objections

5            and privileges.

6        2.  Bridgewater may serve a motion to compel further responses to the Discovery

7            Requests until June 29, 2012.

8        3.  Dispositive motions shall be filed by September 27, 2012.

9        4.  Bridgewater would withdraw his pending motion to compel (ECF No. 15).

10    (Counsel Decl. ¶ 4.)

11     These terms were placed in a formal stipulation which was signed by the parties and filed

12    with the Court. (ECF No. 16.)  Sweeny filed a motion to modify the scheduling order in

13    accordance with the stipulation.  (ECF No. 17.)  On April 12, 2012, the Court modified the

14    scheduling order accordingly.  (ECF No. 18.)

15     The Court's scheduling order was not modified in any other respect.  (ECF Nos. 16, 18.)  In

16    particular, it was never agreed that Bridgewater could have an extension of time serve another set

17    of discovery.

18                   **STANDARD OF REVIEW**

19     In general, the pretrial scheduling order can only be modified "upon a showing of good

20    cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 608 (9th Cir. 1992), citing

21    Fed. R. Civ. P. 16(b);  The most relevant factor in determining whether good cause exists is

22    whether the party requesting an extension of time can show that the existing deadlines could not

23    be met despite the party's diligence. *Zivkovic v. Southern California Edison Company*, 302 F.3d

24    1080, 1087 (9th Cir. 2002).  If the party was not diligent, the inquiry should end and a motion for

25    modification should be denied. *Id.*

26     The Ninth Circuit has held that additional factors may be considered:

27    (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-

28    moving party would be prejudiced; (4) whether the moving party was diligent in obtaining

<div align="center">3</div>

1   discovery within the guidelines established by the court; (5) the foreseeability of the need for

2   additional discovery in light of the time allowed for discovery by the district court; and (6) the

3   likelihood that the discovery will lead to relevant evidence. *U.S. ex rel. Schumer v. Hughes*

4   *Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), judgment vacated on other grounds, 520 U.S.

5   939, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997); *see also Tyco Thermal Controls LLC v. Redwood*

6   *Industrials*, 2010 WL 1526471 at *4-5 (N.D. Cal. Apr. 15, 2010).   Moreover, the Federal Rules of

7   Civil Procedure "should be administered to secure the just, speedy and inexpensive determination

8   of every action and proceeding."  Fed. R. Civ. P. 1.

9                                   **ARGUMENT**

10  **I.     THE MOTION SHOULD BE DENIED BECAUSE BRIDGEWATER'S RECOURSE IS TO FILE
          A MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY.**
11

12          In general, the pretrial scheduling order can only be modified "upon a showing of good

13  cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 607, 608, citing Fed. R. Civ. P. 16(b).

14  Bridgewater's stated "good cause" is that he is dissatisfied with Sweeney's responses to the first

15  set of discovery.  (ECF No. 15 at 2.)  If Bridgewater feels that Sweeney's responses were

16  inadequate under the law, his recourse is to bring a motion to compel further responses.

17  Bridgewater has until June 29, 2012, to bring such a motion.  Bridgewater agreed to this cut-off

18  date and he does not claim there is insufficient time to bring such a motion.  Thus, good cause

19  does not exist to modify the scheduling order.

20  **II.    THE MOTION SHOULD BE DENIED BECAUSE BRIDGEWATER HAS NOT BEEN
          DILIGENT IN CONDUCTING DISCOVERY.**
21

22          The most relevant factor in determining whether good cause exists is whether the party

23  requesting an extension of time can show that the existing deadlines could not be met despite the

24  party's diligence. *Zivkovic v. Southern California Edison Company*, 302 F.3d at 1087 (9th Cir.

25  2002).

26          The last day for Bridgewater to serve additional discovery is May 25, 2012.  Sweeney

27  served responses to Bridgewater's discovery on April 30, 2012.  (ECF No. 20 at 64, 72, 78.)

28  Bridgewater's motion does not state that the need for additional discovery was not apparent until

                                        4

1   he received Sweeney's responses. (*See* ECF No. 15 at 2.)  Thus, Bridgewater has not "shown that

2   the existing deadlines could not be met despite [his] diligence." *Zivkovic*, 302 F.3d at 1087.

3   Even assuming the need was not apparent until he received Sweeny's responses, Bridgewater

4   does not explain his failure to serve additional discovery before May 25, 2012.  Therefore,

5   Bridgewater's motion should be denied.

6   **III.   BRIDGEWATER'S MOTION SHOULD BE DENIED BECAUSE HE HAS NOT SHOWN THE
        NEED FOR ADDITIONAL DISCOVERY.**

7

8        One of the factors considered in a motion to modify a scheduling order is the likelihood that

9   the discovery will lead to relevant evidence.  *See U.S. ex rel. Schumer v. Hughes Aircraft Co.,* 63

10  F.3d at 1526.  Bridgewater has not attached his proposed additional discovery and has put nothing

11  before the court showing the likelihood that the additional discovery will lead to relevant

12  evidence.  On the contrary, Bridgewater's first set of discovery was irrelevant and objectionable.

13  Therefore, Bridgewater's motion should be denied.

14  **IV.   BRIDGEWATER'S MOTION SHOULD BE DENIED BECAUSE GRANTING IT WILL
        REQUIRE VACATING THE DATE FOR DISPOSITIVE MOTIONS.**

15

16       One of the factors considered in a motion to modify a scheduling order is whether the

17  proposed modification will result in delay and the "just, speedy and inexpensive determination of

18  every action and proceeding."  Fed. R. Civ. P. 1; *see U.S. ex rel. Schumer v. Hughes Aircraft Co.,*

19  63 F.3d at 1526.  The deadline for dispositive motions is September 27, 2012.  (ECF No. 18.)

20  The court will have to vacate this deadline if it grants Bridgewater a sixty-day extension to serve

21  a second set of discovery and additional time to bring a motion to compel on the prospective

22  additional discovery.  Thus, Bridgewater's motions should be denied on grounds that it will result

23  in unwarranted delay in the final disposition of the case.

24                               **CONCLUSION**

25       Therefore, Bridgewater's motion should be denied because Bridgewater's recourse for

26  Sweeney's allegedly inadequate discovery responses is to file a motion to compel further

27  responses to discovery, not serve additional discovery.  Moreover, Bridgewater has not shown

28  that the May 25, 2012 deadline could not have been met despite his diligence; and 2) that he

                                         5

1  additional discovery will likely lead to relevant evidence.  Lastly, the court will have to vacate the

2  dispositive motion deadline if it grants Bridgewater's request.

3        Therefore, it is respectfully requested that Bridgewater's motion to extend the discovery

4  cut-off to serve additional discovery be denied.

5  Dated: May 24, 2012                          Respectfully submitted,

6                                               KAMALA D. HARRIS
                                                Attorney General of California
7                                               MONICA N. ANDERSON
                                                Supervising Deputy Attorney General
8
                                                */s/ William J. Douglas*
9
                                                WILLIAM J. DOUGLAS
10                                              Deputy Attorney General
                                                *Attorneys for Defendant Sweeny*
11  SA2011303825
    31454993.doc
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                                      #77

28

6

1

## DECLARATION OF SERVICE BY U.S. MAIL

2

Case Name:   **Keith R. Bridgewater v. Debra Sweeney**
No.:         **2:11-cv-01216-CMK**

3

4

I declare:

5

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made.  I am 18 years of age or
older and not a party to this matter.  I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service.  In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service with postage thereon fully prepaid that same day in the ordinary course of
business.

6

7

8

9

10

On <u>May 24, 2012</u>, I served the attached:

11

* **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
  DISCOVERY CUT-OFF**

12

13

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system
at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento,
CA 94244-2550, addressed as follows:

14

15

Keith Ruben Bridgewater, H-00108
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671-0066
*In Pro Per*

16

17

18

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on **May 24, 2012**, at Sacramento, California.

19

20

| D. Jones | */s/ D. Jones* |
|----------|----------------|
| Declarant | Signature |

21

22

SA2011303825
31461817.doc

23

24

25

26

27

**#78**

28

7

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   MONICA N. ANDERSON, State Bar No. 182970
    Supervising Deputy Attorney General
3   WILLIAM J. DOUGLAS, State Bar No. 125079
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone:  (916) 327-5596
6   Fax:  (916) 324-5205
      E-mail: William.Douglas@doj.ca.gov
7   *Attorneys for Defendant Sweeny*

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10                          SACRAMENTO DIVISION

11

12  **KEITH R. BRIDGEWATER,**                    Case No. 2:11-cv-01216-CMK

13                          Plaintiff,           **DECLARATION OF COUNSEL IN
                                                 OPPOSITION TO PLAINTIFF'S MOTION
14                                               TO EXTEND DISCOVERY CUT-OFF**
                      v.

15  **DEBRA SWEENY,**

16                          Defendant.

17

18       I, William J. Douglas, declare as follows:

19       1.    I am a Deputy Attorney General with the California Department of Justice, Office of

20  the Attorney General, and I am licensed to practice before all courts of the State of California and

21  this Court. I represent Defendant Sweeney in this matter.

22       2.    On March 27, 2012, I received a letter from Plaintiff Bridgewater stating that he

23  intended to bring a motion to compel responses to discovery.    Attached to the letter are requests

24  for admissions, interrogatories, and requests for production of documents that Bridgewater

25  claimed were served on January 22, 2012.

26       3.    I had not received Bridgewater's discovery requests until March 27, 2012. On that

27  day, I wrote to Bridgewater offering to respond to the discovery in thirty days. A copy of the

28  letter is attached to Bridgewater's motion. (ECF No. 20 at 38.)

                                                1

1      4.      On April 30, 2012, I spoke to Bridgewater on the phone and we agreed that:

2      •   Sweeney will serve Bridgewater with responses to the Discovery Request on or

3          before April 30, 2012.  Sweeney reserved the right to assert all applicable objections

4          and privileges.

5      •   Bridgewater may serve a motion to compel further responses to the Discovery

6          Requests until June 29, 2012.

7      •   Dispositive motions shall be filed by September 27, 2012.

8      •   Bridgewater would withdraw his pending motion to compel.

9

10     I declare under penalty of perjury that the foregoing statements are true.  Executed on this

11     24th day of May, 2012, in Sacramento, California.

12

13                                          /s/ William J. Douglas
                                            _____
14                                          WILLIAM J. DOUGLAS
                                            Deputy Attorney General
15                                          Attorneys for Defendant Sweeney

16     SA2011303825
       31455568.doc
17

18

19

20

21

22

23

24

25

26

27                                                                    #80

28

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Keith R. Bridgewater v. Debra Sweeney**
No.:         **2:11-cv-01216-CMK**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **May 24, 2012**, I served the attached:

* **DECLARATION OF COUNSEL IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Keith Ruben Bridgewater, H-00108
California State Prison, Sacramento
P.O. Box 290066
Represa, CA 95671-0066
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 24, 2012**, at Sacramento, California.

| D. Jones | */s/ D. Jones* |
|----------|----------------|
| Declarant | Signature |

SA2011303825
31461817.doc

#81

# VERIFICATION

(C.C.P. §§ 446, 2015.5;  28 U.S.C. § 1746)

I, _____Keith Bridgewater_____, declare under the penalty of perjury that:

I am the _____Plaintiff_____ in the attached matter;  I have read the foregoing documents(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _____17th_____ day of _____June_____, _____2012_____, at California State Prison/Sacramento, Represa, California 95671.

(Signature) _____Keith Bridgewater_____
Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§ 1013(a), 2015.5;  28 U.S.C. § 1746)

I, _____Keith Bridgewater_____, declare:

That I am a resident of California State Prison/Sacramento, State Of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 290066, Represa, California 95671-0066;  I served the attached document(s) entitled:
MOTION TO COMPELL DEFENDANTS TO RESPOND
TO PLAINTIFFS 1st/2nd SET OF DISCOVERIES

On the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison/Sacramento, Represa, California, addressed as follows:

#1 United States District Courts
   for the Eastern district of California
   OFFICE OF THE CLERK
   501 "I" Street, Suite 4-200
   Sacramento, California (95814-2322)

#2 Attorney Generals Office
   Dept of Justice
   1300 "I" Street, Suite 125
   Post Office Box 944244
   Sacramento, California (94244)
   ATTN: Wiiliam J Douglas

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above.  I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _____17th_____ day of _____June_____, _____2012_____, at California State Prison/Sacramento, Represa, California 95671.

#82

(Signature) _____Keith Bridgewater_____
Declarant