1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KEITH R. BRIDGEWATER,                    No. 2:11-cv-1216-CMK-P

12              Plaintiff,

13         vs.                                 ORDER

14   DEBRA SWEENY,

15              Defendants.

16   _____/

17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to compel (Doc. 20) and

19   motion for an extension of the discovery deadline (Docs. 20, 22).  Plaintiff has also filed a

20   motion for additional time to respond to defendants' motion for summary judgment (Doc. 26).

21         MOTION TO COMPEL

22         Plaintiff brings his motion to compel on the basis that the answers provided in

23   response to his discovery requests, including interrogatories and requests for admissions, were

24   incomplete, and he did not receive any documents as requested.  He argues the defendants

25   objected to his discovery requests, indicating his questions were compound, argumentative,

26   vague and ambiguous.

1          The scope of discovery is generally governed by Federal Rule of Civil Procedure

2   26(b).  Rule 26(b)(1) provides that "the scope of discovery is as follows:  Parties may obtain

3   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .

4   Relevant information need not be admissible at the trial if the discovery appears reasonably

5   calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Relevancy

6   in the discovery context has been construed broadly to encompass any matter that bears on, or

7   that reasonably could lead to other matters that bear on, any issue that is in the case.  See

8   Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329

9   U.S. 495, 501 (1947)).  Therefore, a discovery request directed at discovering a matter which is

10  not reasonably calculated to lead to the discovery of admissible evidence is not within the scope

11  of Rule 26.  See id.  Consistent with this rule, discovery is not limited to issues raised by the

12  pleadings, for discovery itself is designed to help define and clarify the issues.  See id. at 351.

13  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise

14  during litigation that are not related to the merits.  See id.

15          Discovery may not, however, be obtained regarding matters which are privileged.

16  See Fed. R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld,

17  even if relevant to the case.  See Baldridge v. Shapiro, 455 U.S. 345 (1982).  The question of

18  privilege is determined by reference to the Federal Rules of Evidence.  See Campbell v. Gerrans,

19  592 F.2d 1054 (9th Cir. 1979).  Generally, questions of privilege "shall be governed by the

20  principles of the common law as they may be interpreted by the courts of the United States in the

21  light of reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise

22  a federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501.

23  But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the

24  two shall be read together in order to accommodate the legitimate expectations of the state's

25  citizens."  Pagano v. Oroville Hosp., 145 F.R.D. 683, 687 (E.D. Cal. 1993).

26  ///

1      In addition, relevant non-privileged discovery may be limited if:  (1) the discovery

2  sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is

3  more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely

4  benefit, taking into account the needs of the case, the amount in controversy, the parties'

5  resources, the importance of the issues at stake in the litigation, and the importance of the

6  proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

7      Here, plaintiff seeks an order for further responses to his request for admissions,

8  interrogatories, and request for production of documents.  He argues the answers provided are

9  inadequate, and he is dissatisfied with the defendant's  objections to his questions.  He claims the

10  defendant failed to provide adequate responses to the requests for admissions, specifically

11  requests 1-7, 10, and 13-16.  He also argues the defendant failed to provide adequate responses to

12  the interrogatories, specifically interrogatories 1-7, and 11-14.  Finally, he argues the defendant

13  failed to produce any document requested, and her objections thereto were inadequate.  He does

14  not, however, set forth in his motion the requests and responses received.  Instead, he attaches

15  exhibits to his motions, some of which appear to be either misnumbered, or mixed up.

16  Defendant argues her responses were adequate and the objections were proper, and also that in

17  addition to the objections, and without waiving such objections, proper responses were provided

18  for most of the requests.  The defendant sets forth the requests and responses, which the court

19  uses as set forth below, as they appear to be less mixed up.

20      A review of the discovery requests and responses the parties supplied to the court

21  reveals that the defendant did object to most if not all of the requests.  However, without waiving

22  the stated objections, she also provided a response to most of the requests.  Plaintiff fails to

23  address the responses defendant did provide, and simply argues he is dissatisfied with the

24  objections set forth.  As responses were provided over the stated objections, plaintiff fails to meet

25  his burden of showing the responses were inadequate.

26  ///

3

1        There were a few requests, however, that the defendant simply objected to on

2  numerous grounds, and no actual response was provided.  These requests are limited to Requests

3  for Admissions number 5, 11, 13, and 14; Interrogatories number 14, 15, and 16; and Requests

4  for Production of Documents 1-6.  Those requests and responses are set forth below:

5              REQUESTS FOR ADMISSIONS:

6              Request for Admission No. 5:  Admit that it was and is your "OFFICIAL
               POSISTION [sic]", that plaintiff physically threatened you on the night of
7              July 25th 2010, while in the direct physical presence of Two Correctional
               Officers, during the evening Medical Pill Line.

8
               Response to Request for Admission No. 5:  Objections.  The request is
9              compound, and the phrases "official position" and "direct physical
               presence" are vague and ambiguous.  The request is also irrelevant and not
10             calculated to lead to admissible evidence.  The request is argumentative.

11             Defendant's objections are sustained.  The request is compound and vague.  A

12  simple admission or denial was not possible as the request was presented.

13

14             Request for Admission No. 11:  Admit that the amount of overtime in
               which you worked directly contributed to you suffering a stroke, due to
15             long and consisted hours being worked.

16             Response to Request for Admission No. 11:  Objections.  The request is
               compound, vague, ambiguous and unintelligible.  The request is
17             argumentative, irrelevant and not calculated to lead to admissible
               evidence.

18

19             Defendant's objections are sustained.  The request is compound, vague, and

20  irrelevant.  The issues involved in this action do not relate to the health of defendant.  A simple

21  admission or denial was not possible as the request was presented.

22

23             Request for Admission No. 13:  Admit that if you were so fearful and
               scraded [sic] of plaintiff and coupled with your written statement of not
24             wanting to see or hear plaintiff's voice and you will "REFUSE TO WORK
               AROUND PLAINTIFF", you would not have bidded [sic] to work B-
25             Facility, where plaintiff was currently being housed.

26  / / /

1      Response to Request for Admission No. 13:  Objections.  The request is
        compound, irrelevant and not calculated to lead to admissible evidence.
2      The request is argumentative, vague, ambiguous and unintelligible.

3           Defendant's objections are sustained.  The request is unintelligible and compound.

4   A simple admission or denial was not possible as the request was presented.

5           Request for Admission No. 14:  No request.

6           There appears to be a typographical error in defendant's response to the requests

7   for admissions.  It does not appear there was a request for admission number 14.

8           INTERROGATORIES:

9      Interrogatory No. 14:  Is'nt [sic] it true that plaintiff produced to you a
        previously filed and granted prison grievance [sic] appeal, which afforded
10     plaintiff the right to have his medication left in the original protective
        container, intill [sic] delivery as well as the right to request you as the
11     (L.V.N.) the container the medication comes in to identify that the correct
        medication is being administered.

12
       Response to Interrogatory No. 14:  Objection.  The interrogatory is
13     compound, vague and ambiguous and unintelligible.  The interrogatory is
        not relevant to any party's claim or defense.  The interrogatory seeks
14     information that is irrelevant to the claims and defenses at issue in this
        action and is not likely to lead to the discovery of admissible evidence.

15

16          In opposition to the motion, defendant argues the relevance of the question, and

17  that the question is argumentative and compound.  Defendant's objections are overruled.  The

18  question is answerable.  The question asks whether plaintiff produced a copy of a prison

19  grievance.  The additional language in the question is an attempt to clarify which prison

20  grievance plaintiff is asking about.  Whether the grievance was granted or not is not part of the

21  question, and the court agrees that proof of the merits of the underlying appeal is irrelevant.

22  However, whether or not there was a prison grievance that defendant was aware of is, or could

23  be, relevant.  Defendant shall answer the question whether plaintiff produced a copy of a prison

24  grievance, serving an answer on plaintiff within 14 days of the date of this order.

25  / / /

26  / / /

1   Interrogatory No. 15:  What are the established "GUILDLINES [sic],
    RULES or PROCEDURE", that have been implemented, in direct regards
2   to the allowable amount of Overtime any one state employee in the
    Medical Department at CSP Sacramento New Folsom Prison, can
3   successfully work any given particular Day, Week, or Month.

4   Response to Interrogatory No. 15:  Objections.  The interrogatory is not
    relevant to any party's claim or defense.  The interrogatory seeks
5   information that is irrelevant to the claims and defenses at issue in this
    action and is not likely to lead to the discovery of admissible evidence.
6   The interrogatory is compound, vague and ambiguous and unintelligible.

7           Defendant's objections are sustained.  The question is irrelevant and not likely to

8   lead to the discovery of admissible evidence.

9   Interrogatory No. 16:  How much of overtime (IN HOURS) have you
    actually worked "WITHIN EACH" of the following Months June, July,
10  and August 2010.

11  Response to Interrogatory No. 16:  Objections.  The interrogatory
    is not relevant to any party's claim or defense.  The interrogatory
12  seeks information that is irrelevant to the claims and defenses at
    issue in this action and is not likely to lead to the discovery of
13  admissible evidence.  The interrogatory is compound, vague and
    ambiguous and unintelligible.

14

15          Defendant's objections are sustained.  The question is irrelevant and not likely to

16  lead to the discovery of admissible evidence.

17
                        REQUEST FOR PRODUCTION OF DOCUMENTS
18
            Finally, plaintiff argues the defendant refused to produce any documents pursuant
19
    to his request.  Plaintiff requested copies of defendant's time card, copies of prison rules,
20
    regulations or policy regarding over-time hours worked and delivery of medication methods,
21
    documentation relating to plaintiff's threatening behavior, inmate grievances filed against
22
    defendant, and any other document available regarding overtime and medication distribution.
23
    Defendant objected to each of the requests on the basis that the documents requested are not
24
    related to any party's claim or defense, and are not likely to lead to the discovery of admissible
25
    evidence, are confidential documents, or otherwise equally available to plaintiff.  In addition, the
26

1   defendant objected that the requests are over broad as to time and scope.

2           Defendant's objections are sustained.  None of the documents plaintiff requested

3   are relevant to the claims in this matter, nor are they likely to lead to the discovery of admissible

4   evidence.  Documents in plaintiff's central file are equally available to plaintiff.  The requests are

5   also over broad.

6                           MOTIONS FOR ADDITIONAL TIME

7           Plaintiff also filed two motions for additional time.  In the first, he is requesting

8   additional time to conduct additional discovery.  This request was filed before the close of

9   discovery.  Plaintiff had sufficient time to submit additional discovery requests.  Plaintiff states

10  he needs additional time to propound additional discovery because he was not satisfied with

11  defendant's answers to his original requests.  However, as defendant argues, if plaintiff is

12  unsatisfied with the responses received, his recourse is a motion to compel further responses, not

13  to propound additional requests.  In fact, he was able to bring a motion to compel within the time

14  provided for so doing.  Thus, his request for additional time to propound additional discovery is

15  denied.

16          Plaintiff's second request for additional time relates to his opposition to

17  defendant's motion for summary judgment.  Plaintiff is requesting an additional 60 days to file

18  his opposition.  However, shortly after filing his request, and within the time originally provided

19  for a response, plaintiff filed his opposition.  Thus, his request for additional time is unnecessary.

20  Nevertheless, plaintiff will be provided a short period of time to file a supplemental opposition, if

21  he deems it necessary, based on the partial grant of his motion to compel.  Any supplemental

22  opposition to the motion for summary judgment shall be filed within 21 days after service of the

23  response to Interrogatory 14, or no later than December 10, 2012.

24          Accordingly, IT IS HEREBY ORDERED that:

25          1.      Plaintiff's motion to compel (Doc. 22) is granted in part;

26  / / /

7

1          2.          Defendant shall provide plaintiff an answer to Interrogatory 14 within 14

2    days of the date of this answer;

3          3.          Plaintiff's motion for an extension of time (Doc. 20) to conduct additional

4    discovery is denied;

5          4.          Plaintiff's motion for an extension of time (Doc. 26) is granted in part; and

6          5.          Plaintiff may file a supplemental opposition to the motion for summary

7    judgment within 21 days of defendant's answer to Interrogatory 14, or no later than December

8    10, 2012.

9

10     DATED:  October 31, 2012

11

12                                                          _____
                                                            **CRAIG M. KELLISON**
                                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26